■ In the Matter of GLORIA L. JOHNSON, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 18, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. The petitioner, while serving as an acting assistant principal at Junior High School 82 in Community District 9 in the New York City school system, applied for the license of a junior high school assistant principal. After the submission of her completed questionnaire that was concerned with the duties and responsibilities of the position, the petitioner was advised that she must undergo the required job performance evaluation, which was conducted on February 25, 1976 by a three-member panel of the board of examiners. Soon thereaf-

ter, the petitioner was advised that she had been adjudged "unsatisfactory" by the board. Contending, *inter alia,* that the rating resulted from the fact that the panel had a different educational philosophy and that its members were insensitive to the needs of ghetto children, and claiming that she possessed evidence to refute some of its conclusions, petitioner appealed to the appeals board, which found that the examiners were chosen and performed in accordance with the law and that the petitioner had failed to submit any evidence to refute the conclusions of the board of examiners, and it dismissed the appeal. The petitioner's appeal to the Commissioner of Education contained almost identical arguments and met a similar fate. Next, through an article 78 proceeding, the petitioner contended that the evaluation was arbitrary and capricious, an abuse of discretion and a violation of lawful procedure. Special Term confirmed the commissioner's determination and properly so. On appeal, petitioner contends that the determination is arbitrary and capricious on two grounds. First, she argues that "the evidence of [her] qualification for the license sought * * * drastically outweighs any countervailing evidence", and, second, she argues that in evaluating her the board of examiners ignored required criteria and relied upon one prohibited criterion. Our scope of review is severely limited in matters of this nature, and the standard to be applied when reviewing a determination of the Commissioner of Education is whether his determination was arbitrary and capricious, i.e., whether there was no rational basis for his decision *(Matter of Strongin v Nyquist,* 44 NY2d 943; *Matter of Chauvel v Nyquist,* 43 NY2d 48). Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of 125 Bar Corp. v State Liq. Auth. of State of N. Y.,* 24 NY2d 174, 178; 1 NY Jur, Administrative Law, § 184). The petitioner's first contention pays little heed to a final judgment, arrived at after extensive Federal court litigation, which provides the guidelines for the issuance of the license coveted here (see *Chance v Board of Examiners,* 330 F Supp 203, affd 458 F2d 1167), or to regulations promulgated by the Chancellor of the New York City Board of Education and the "Criteria for Evaluating Acting Supervisors", submitted by petitioner's Community School District 9, all of which contribute to the process of determining eligibility for licensure as a junior high school assistant principal. While prior satisfactory performance is commendable, it cannot be used as a substitute for the legally established process. We find no merit to petitioner's other contention. Mention by the board in its decision of some of the criteria and not others does not mandate the conclusion that those not mentioned were not considered. In its decision the board enumerated several specific deficiencies and shortcomings and left no doubt as to its reasons for finding the petitioner unsatisfactory. Moreover, even if consideration was given to an impermissible criterion, the record reveals ample other evidence of deficiencies in areas within the community school district criteria, thus providing a rational basis for the commissioner's decision. Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.