■ In the Matter of BRUCE A. STOKES, Appellant, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered July 28, 1980 in Albany County, which dismissed petitioner's appli-

cation in a proceeding pursuant to CPLR article 78. As a New York State trooper, petitioner was eligible to participate in a health insurance program sponsored by the State (Civil Service Law, § 161, subd 1; § 163, subd 1) and, in addition, he was entitled to have his spouse included in such coverage (Civil Service Law, § 164). While the President of the Civil Service Commission manages the program, his regulations specify that the employer — here the Division of State Police — is responsible for performing certain administrative functions including, among others, the enrollment of employees and their dependents, the prompt certification to insurers of eligibility or noneligibility for benefits, and the prompt notification to carriers of enrollment or change in status (4 NYCRR 73.4). Naming the Superintendent of State Police and the Director of the Office of Employee Relations as parties respondent, petitioner alleges that in April of 1977 he duly notified the division of his marriage, but that a claim for medical expenses thereafter incurred by his wife in July of 1977 was not honored under the insurance program because the appropriate change from individual to family coverage had never been made. He further asserts that a grievance procedure contained in his collective bargaining agreement was then invoked to resolve the dispute and that the last step in the process, an appeal to the Office of Employee Relations, resulted in a decision refusing to entertain the matter on jurisdictional grounds. Judgment is sought directing either retroactive instatement in the program under family coverage or a grievance hearing on the merits before the Office of Employee Relations. Respondents' motion to dismiss the petition on the ground of legal insufficiency was granted by Special Term and this appeal ensued. On an application to dismiss an article 78 proceeding on objections in point of law, only the petition may be considered and all of its allegations are deemed to be true (*Matter of Mattioli v Casscles,* 50 AD2d 1013; *Matter of Cutcher v Nyquist,* 39 AD2d 810). Still, inasmuch as the instant pleading does not aver that the terms of the health insurance plan allow or permit spousal coverage to be added on a retroactive basis, no cause of action has been stated upon which immediate relief in the nature of certiorari or mandamus could be granted. However, we do not regard this same deficiency as fatal to petitioner's alternative demand. From the documents incorporated in the petition, it is at least arguable that he presented a timely "non-contract" grievance to the Office of Employee Relations alleging unfair or discriminatory supervision within the meaning of the collective bargaining agreement. If his contentions were found to possess merit, a question might then arise concerning the power of that body to fashion adequate redress. The answer would plainly seem to depend, in part, on whether and to what extent the applicable policies of insurance provide for the correction of errors, yet such matters have not been formally reached by the Office of Employee Relations. The process may not yield a result favorable to petitioner, but at this stage of the proceeding we are not free to examine respondents' affidavits and thereby conclude that no cause of action whatever exists (cf. *Matter of Mattioli v Casscles, supra).* Accordingly, while the Court of Claims may ultimately prove to be the only forum in which a remedy might be available, disposition of the present litigation must await respondents' answer (see *Matter of Tobin v Ford,* 49 AD2d 83). Judgment reversed, on the law, without costs, and motion denied, with leave to respondents to answer petition within 20 days after service of a copy of the order to be entered herein with notice of entry. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.