■ In the Matter of JOHN W. BURKE et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v HUGH L. CAREY, as Governor of the State of New York, et al., Appellants. — Appeal, by permission, from an order of the Supreme Court at Special Term (Kahn, J.), entered January 21, 1981 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied a

motion to dismiss the petition upon objections in point of law. Between April 18, 1979 and May 4, 1979, members of the Security Services Unit of the New York Inspection, Security and Law Enforcement Employees Union allegedly engaged in a strike at State correctional facilities. On July 20, 1979, pursuant to section 210 (subd 2, par [e]) of the Civil Service Law, respondent Meyer Frucher, Director of the Governor's Office of Employee Relations, notified all employees identified as being absent without authorization during the period of the strike that they were found to be in violation of the Civil Service Law on specified dates and advised them of their right to object to those determinations (Civil Service Law, § 210, subd 2, par [h]). In response to that notice, approximately 6,500 affidavits, listing a variety of objections to the determinations, were filed by members of the security services unit. Respondent Frucher's subsequent review of the affidavits demonstrated that some employees were not in violation and these employees were exonerated. Other employees were found to have raised a question of fact which warranted a hearing. A third group of employees' objections were dismissed without a hearing for failure to demonstrate that the law had not been violated. Petitioners, members denied a hearing either in whole or in part, commenced this CPLR article 78 proceeding, alleging that they were arbitrarily and illegally denied hearings to which they were entitled pursuant to section 210 (subd 2, par [h]) of the Civil Service Law and in contravention of their due process rights under the State and Federal Constitutions. Respondents, prior to answer, made a motion to dismiss on objections in point of law (CPLR 7804, subd [f]). Special Term denied the motion and respondents now appeal. Respondents contend, *inter alia,* that since petitioners failed to raise triable issues of fact, Special Term erred in not dismissing the petition. We disagree. On review of a motion to dismiss on objections in point of law made prior to answer, only the petition can be considered *(Matter of Mattioli v Casscles,* 50 AD2d 1013), and the facts contained therein are deemed true *(Matter of Burke v Sugarman,* 35 NY2d 39, 42). In the instant case, petitioners have made allegations in their petition which indicate that they were not in violation of section 210 of the Civil Service Law. In support of this contention, petitioners assert in their petition that during the strike various petitioners were at work, on duty with the National Guard, sick, on bereavement leave, on vacation, on workers' compensation leave or on personal leave. Thus, since the allegations, if true, would render respondents' determinations contrary to law *(Matter of Burke v Sugarman, supra,* p 42), meaningful disposition of this proceeding can be made only after respondents have answered. Further, an inspection of the petition clearly indicates the nature of the action, and, therefore, respondents cannot claim that they lack adequate notice of the nature of the proceeding. Next, respondents argue that Special Term erred in failing to dismiss petitioners' second and third causes of action attacking the constitutionality of the procedural mechanisms provided by section 210 (subd 2, par [h]) of the Civil Service Law. We agree. In *Matter of Sanford v Rockefeller* (35 NY2d 547, 551, app dsmd 421 US 973), the Court of Appeals found no constitutional infirmities in the procedural mechanisms provided by section 210 of the Civil Service Law, stating that "the statutory procedures relating to notice, hearing, penalties and review are entirely adequate as affording the required degree of due process". Order modified, on the law, by reversing so much thereof as denied respondents' motion to dismiss the second and third causes of action of the petition, and said causes of action dismissed, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.