■ PARK SHORE MANOR HEALTH RELATED FACILITY, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered October 17, 1980 in Albany County, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint. Plaintiff operates a residential health care facility which participates in the Medicaid program. Plaintiff, contending that its 1976 Medicaid reimbursement rate should have been $30.86, rather than $27.78, commenced this action for a declaratory judgment by summons and complaint served on March 6, 1979. Plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Special Term denied plaintiff's motion and granted defendants' cross motion, dismissing the complaint on the ground that the action was time barred. We agree with Special Term. The dispositive issue concerning the Statute of Limitations has recently been decided by this court in *Matter of Klein v Axelrod* (81 AD2d 935, affd 54 NY2d 818), where it was stated: "The essential purpose of this proceeding is to effect an upward adjustment in the [Medicaid] reimbursement rates of an individual nursing home facility. As the Court of Appeals declared in *Solnick [v Whalen,* 49 NY2d 224, 231], an article 78 proceeding is the proper procedural vehicle for challenging 'individualized rates established for a particular litigant'. CPLR 217 is, therefore, the governing Statute of Limitations". In both *Solnick v Whalen* (49 NY2d 224, *supra*), and *Matter of Klein v Axelrod* (*supra*), it was the date that the nursing homes received notice of the final action governing their reimbursement rates which commenced the running of the Statute of Limitations. On October 31, 1976, plaintiff's 1976 reimbursement rate was determined and plaintiff was notified of the new rate in November, 1976. Accord-

ingly, plaintiff's complaint, served on March 6, 1979, was outside the four-month Statute of Limitations and is thus time barred. Judgment affirmed with costs. Mahoney, P. J., Kane, Mikoll and Yesawich, Jr., JJ., concur.

Casey, J., concurs in the following memorandum. Casey, J. (concurring). Since plaintiff's complaint, seeking to enjoin defendants from recouping certain overpayments in Medicaid reimbursement, is based upon a claim that there was no legal basis for the retroactive reduction in plaintiff's 1976 reimbursement rate, rather than upon a claim that the recoupment entitled plaintiff to an evidentiary hearing (see, e.g., *Clove Lakes Nursing Home v Whalen,* 45 NY2d 873), I agree that plaintiff's action, commenced within four months of the notification of recoupment but more than four months after notification of the retroactive rate reduction, is untimely (*Solnick v Whalen,* 49 NY2d 224).