*242 OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned CPLR article 78 proceeding, petitioner seeks a judgment annulling a determination which denied him an Empire State Scholarship of Excellence (Scholarship). He seeks relief in the nature of mandamus compelling issuance of such a Scholarship and the awarding of the monetary sum of $2,000 per year effective for the 1987-1988 academic year, and for each year thereafter that petitioner is in attendance at an approved school of higher education within this State.
The facts necessary for a resolution of this litigation are not in dispute. The infant petitioner, a high school senior and resident of Nassau County, received a score of 1,440 on the Scholastic Aptitude Test (SAT). In the State-wide allocation of Scholarships, Nassau County received 96, based upon the number of students graduating from high school. For the academic year in question, the minimum SAT score for the award of a Scholarship in that county was 1,440. Ninety-two students received a higher score, leaving 4 other Scholarships available to be awarded to 4 of the 24 students who received a score of 1,440. The tie-breaking procedure adopted by respondents utilizes the same format as that for the awarding of Regents Scholarships. The eligible students are ranked according to the score they received on the verbal portion of the examination. Petitioner was not among the four highest and as such, he was not awarded a Scholarship. He asserts that the tie-breaking procedure utilized by respondent is arbitrary and capricious and runs afoul of the legislative intent embodied in Education Law § 605 (12), which provides that 1,000 such Scholarships shall be awarded annually.
The applicable standard in reviewing a determination of the Commissioner of Education is whether it is arbitrary or capricious (Matter of Chauvel v Nyquist, 43 NY2d 48). The role of the judiciary is thus drastically limited. "Rationality is what is reviewed” (Matter of Johnson v Ambach, 74 AD2d 986, 987). In the case at bar, the Commissioner has promulgated regulations to implement the Legislature’s relatively recent determination to award a select number of Scholarships in addition to the traditional Regents Scholarships. The implementing legislation specifically provides that "[i]n the event that a scholarship awarded pursuant to this subdivision is declined by a student, or, for any reason, is revoked by the commissioner or *243 the president, its benefits shall lapse and there shall be no further payment or reawarding of such scholarship.” (Education Law § 605 [12].) The Commissioner has determined that the Legislature intended that 1,000 such Scholarships be awarded. However, he has also determined that the language does not mandate that, in the event that such an award is not accepted or utilized by the recipient, that a list of alternative students should be utilized to ensure that exactly 1,000 of the awards are, in fact, made.
While reasonable minds might differ concerning the intent of the Legislature in this regard, the interpretation and implementaion by the Commissioner is certainly rational. If the Legislature intended a contrary result, the simple expedient is amendment of the statute to so indicate. In the absence of such an amendment, the relief sought by petitioner is unavailable.
The article 78 proceeding seeking a judgment annulling and reversing the determination of respondents, which denied petitioner the award of an Empire State Scholarship of Excellence, shall be dismissed.