OPINION OF THE COURT
Harry W. Seibert, Jr., J.
Petitioner commenced this CPLR article 78 proceeding to an *360 nul and vacate respondents’ March 27, 2000 determination which denied reimbursement from the Lawyers’ Fund for Client Protection of the State of New York (hereinafter Fund or respondent). The Fund was established pursuant to New York State Finance Law § 97-t, “to promote public confidence in the administration of justice and the integrity of the legal profession by reimbursing losses caused by the dishonest conduct of attorneys admitted and licensed to practice law in the courts of New York State.” (22 NYCRR 7200.1.)
In September 1995, petitioner retained Sydney Friedler, Esq., to represent him in connection with a certain Grand Jury investigation being conducted in Federal court for the District of New Jersey, and in a civil lawsuit commenced against him by a cable television company located in the State of New York. There were allegations of improper use of cable descrambling devices. Petitioner alleges that he paid Attorney Friedler, who was admitted to practice in both New York and New Jersey at the time, the amount of $117,873. Petitioner alleges that Attorney Friedler defrauded him and diverted said funds for his own personal use and gain. Petitioner alleges that he was told he had to pay various funds to settle the civil litigation and to obtain a dismissal of criminal charges. He alleges that Attorney Friedler fabricated various other “problems,” that did not exist, for which he needed money from petitioner to resolve.
Attorney Friedler was subsequently indicted in the United States District Court, District of New Jersey, and pleaded guilty to charges of wire fraud and obstruction of justice, based on his conduct in defrauding petitioner and other clients, Attorney Friedler is currently incarcerated in a Federal penal institution. According to a press release, Attorney Friedler admitted that he fraudulently solicited and obtained money from his clients by telling them that he would use the money to bribe judicial employees, government agents and civil investigators and cause them to stop or alter their criminal and civil cases. He further admitted that he obstructed justice by providing a false invoice to petitioner, when petitioner had withdrawn $54,000 from his company’s bank account so that it could not be seized by the Federal Bureau of Investigation.
Attorney Friedler has been disbarred in the State of New York.
Petitioner hired Attorney Brownstein (Union City, N. J.) to resolve the criminal matter, which was done at a cost of $25,000. Petitioner was sentenced to five years’ probation and *361 a $10,000 fine on a plea to cable piracy. According to the respondents, Fund personnel spoke with Assistant United States Attorney Galluccio, who informed Fund personnel that restitution to petitioner from Attorney Friedler was not ordered by the Federal court, because petitioner’s criminal conduct, to wit, offering “bribe money,” contributed to his loss.
Petitioner claims that he was not involved in any bribery scheme. When Attorney Friedler said he needed money to “take care” of the legal matters, he claims he gave him money in good faith.
Assistant United States Attorney Galludo submitted a letter to Judge Lechner in United States v Beutz, which sets forth petitioner’s cooperation against Attorney Friedler, in support of a reduced sentence for petitioner. The letter provides information “as to how Friedler fraudulently obtained more than $84,000 from him by falsely claiming that he would use the money to bribe judicial employees, agents of the U.S. government and civil litigants.”
On March 26, 1999, petitioner filed a claim with the Fund, alleging that Attorney Friedler had refused to return funds totaling $117,873, which he had given to Friedler under the scope of their attorney-client relationship. By letter dated May 25, 1999, respondent advised that it needed satisfactory evidence of a larceny of client money in the practice of law and suggested the petitioner consult an attorney in this matter. The file remained open. Petitioner sent a letter dated June 23, 1999, with additional information. Petitioner sent a letter of July 26, 1999 with additional information, and a letter of October 26, 1999. An investigation was conducted by Fund personnel, and its counsel forwarded a memorandum to the trustees of the Fund, summarizing the case and recommending a proposed determination of the case. The memorandum provided that as a result of petitioner’s conduct, he had been denied an order of restitution in Friedler’s criminal prosecution. The recommendation was that the trustees consider claimant’s (petitioner’s) conduct which contributed to the loss, and find that claimant had not submitted satisfactory evidence of an eligible loss. The trustees adopted counsel’s recommendation. By letter dated January 10, 2000, petitioner was advised that his claim did not qualify for reimbursement, as he had not provided satisfactory evidence of a reimbursable loss. Petitioner filed a request for reconsideration by letter dated January 30, 2000, which included a copy the above-referenced letter of Assistant United States Attorney Galludo. Although petitioner *362 characterizes the letter as confirming that Friedler “fraudulently obtained more than $84,000.00” from him, the letter continues “by falsely claiming that he would use the money to bribe judicial employees, agents of the U.S. government and civil litigants.” Counsel again recommended a determination that petitioner had failed to provide satisfactory evidence of an eligible loss. Petitioner was informed by letter dated March 27, 2000 that the original determination was now final.
Petitioner claims that respondent’s determination was not supported by a rational basis, is arbitrary and capricious, and unsupported by substantial evidence, and constituted an abuse of discretion. Petitioner also claims that respondent failed to follow 22 NYCRR part 7200 by failing to advise petitioner of the reasons why his claim was deemed not eligible for reimbursement, and failed to advise petitioner that the submission of additional facts to support eligibility would avoid the eventual dismissal of his claim. Petitioner also alleges that respondent failed to provide sufficient and proper information and/or material to petitioner, in order to assist petitioner in filing his claim, in violation of 22 NYCRR 7200.9.
Respondent indicates that seven former law clients of Attorney Friedler have been reimbursed the amount of $24,700. Those claims involved unearned legal fees. In this claim, respondent denied petitioner’s claim, as petitioner knowingly deposited $117,373 with the attorney for the purpose of bribing Federal prosecutors and destroying evidence.
Petitioner’s claim that respondent failed to provide sufficient information and/or materials to petitioner in order to assist petitioner in filing his claim is unavailing. The record clearly shows that petitioner was given every opportunity to provide any additional documentation that he believed might assist his case. Respondent left the case open for many months to allow petitioner to submit additional information. Even after respondent denied the claim, respondent accepted additional information before making the determination final and closing the case.
The record reflects that petitioner’s claim was not “simply dismissed out of hand” as claimed by petitioner, but investigated and reviewed. The investigation included contacts with petitioner for documentation and additional information, review of the Federal indictment against Friedler, review of the canceled checks and wire transfers from petitioner to Friedler, and contacts with Assistant United States Attorney Gal-ludo, who was involved with the criminal prosecution of both petitioner and Friedler.
*363 Judicial review of administrative actions, in proceedings such as this, is severely limited to the issue of whether the challenged determination had “no rational basis.” (Matter of Johnson v Ambach, 74 AD2d 986, 987 [3d Dept 1980].) “If there are any facts or reasonable inferences from the facts to support that determination, it must be confirmed.” (Matter of Reader’s Digest Assn. v State Tax Commn., 103 AD2d 926, 927 [3d Dept 1984].) A court may not substitute its judgment for that of an administrative agency when there is a rational basis for the agency’s determination. (Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal, 159 AD2d 416 [1st Dept 1990], Iv denied 76 NY2d 709 [1990].)
The record reflects that a reasonable inference can be made, that petitioner knew he was giving money to Friedler for an illegal purpose, i.e., bribery of public officials. In fact, petitioner submitted documentation which indicated that he gave money to Friedler for the purpose of bribing public officials. 22 NYCRR 7200.10 provides that the trustees may consider petitioner’s conduct that led to the loss.
Respondents cite Judiciary Law § 468-b (4), that “[t]he board of trustees shall have the sole discretion to determine the merits of claims presented for reimbursement.” Respondents also cite 22 NYCRR 7200.10, which provides that the trustees, in the exercise of their discretion in determining claims, shall consider any conduct of the claimant that contributed to the loss, together with such other factors as they may deem appropriate. Respondents argue that the trustees properly considered the criminal conduct of petitioner which contributed to his loss in assessing his claim.
The court finds that respondent had a reasonable and rational basis to conclude that petitioner’s own criminal conduct substantially contributed to his loss, and as such, petitioner failed to provide sufficient evidence of a reimbursable loss.
Respondent’s determination was neither arbitrary nor capricious, and is supported by a rational basis. Accordingly, petitioner’s petition must be denied.
Accordingly, the petition is dismissed and the relief requested therein is in all respects denied.