■ In the Matter of FRANK P. TRIFARO, Respondent, *v.* ZONING BOARD OF APPEALS OF THE TOWN OF RED HOOK, Appellant.— In this proceeding pursuant to article 78 of the CPLR to review appellant's determination, dated July 12, 1972, denying petitioner's application for a permit to build a mobile home park, the appeal, as limited by appellant's brief, is from so much of an order of the Supreme Court, Dutchess County, dated June 8, 1973, as, upon reargument, adhered to the original decision annulling the determination and remitting the matter to appellant for a new hearing. Order reversed insofar as appealed from, on the law, without costs, and petition dismissed, without prejudice to renewal in accordance with the views herein set forth. Petitioner is the owner of certain property in the Town of Red Hook, Dutchess County. In 1969 he applied to the Planning Board of the Town of Red Hook for permission to build a mobile home park. Before receiving final approval, the town amended its zoning ordinance to allow establishment of such parks by special permit and to require public hearings on applications for such permits. After a hearing, the appellant Zoning Board of Appeals rejected petitioner's application. Special Term annulled that determination in a previous article 78 proceeding. The judgment in that proceeding also directed that a new hearing be held by the Zoning Board of Appeals within 30 days after service of the judgment, with notice of entry. That judgment was not signed and entered until approximately 10 months after the underlying decision of Special Term was rendered. In the interim the town amended its zoning ordinance so that trailer parks would be prohibited. The new hearing, as ordered, was held and the Zoning Board of Appeals denied petitioner's application, on the ground that the amended

zoning ordinance had prohibited the mobile home use. Petitioner then instituted the present article 78 proceeding, which resulted in a decision by Special Term declaring the amended zoning ordinance invalid for want of proper publication pursuant to sections 264 and 265 of the Town Law. Upon reargument, Special Term adhered to that decision and this appeal followed. The only respondent in this proceeding is the Board of Zoning Appeals of the Town of Red Hook. Petitioner has failed to name the Town Board of the Town of Red Hook as a party. Since the town was not named as a party, the court is powerless to determine the validity of the tainted ordinance (see *Matter of Overhill Bldg. Co. v. Delany,* 28 N Y 2d 449). Accordingly, the order must be reversed insofar as appealed from, and the petition dismissed, without prejudice to renewal and joinder of all necessary parties. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.