■ MONROE-LIVINGSTON SANITARY LANDFILL, INC., Appellant, v TOWN OF CALEDONIA, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff is the owner and operator of 190 acres of land used as a private sanitary landfill. Most of it, and the part presently used as a landfill, is located in the Town of Caledonia, Livingston County, and the remainder is in Monroe County. In early 1976 plaintiff was negotiating a contract with Monroe County by which all county refuse would be deposited in plaintiff's facility. Before the contract was executed, defendant town enacted its sanitary landfill ordinance of July 17, 1976 and plaintiff brings this declaratory judgment action seeking a determination that the ordinance, and particularly its section 7C, is unconstitutional. Section 7C provides: "Refuse generated outside of the Town of Caledonia, New York, will not be accepted at facilities licensed by the Town of Caledonia unless authorized by the Town Board and consistent with the regional comprehen-

sive plan as it relates to solid waste management." At a lengthy trial both sides presented lay and expert evidence to establish that town and private water supplies would, or would not be contaminated if an increased volume of refuse were permitted at the landfill. The trial court found that the plaintiff had failed to rebut the presumption that the ordinance was a constitutional exercise of the town's police powers to protect the public health and we agree *(Wiggins v Town of Somers,* 4 NY2d 215; and see, also, *Town of Plattekill v Dutchess Sanitation,* 43 NY2d 662; *Town of Stillwater v Doughty,* 25 NY2d 986). Plaintiff also urges that the ordinance does not apply to it because the State has pre-empted local control over solid waste disposal by the provisions of ECL article 27. Inasmuch as it received a permit to operate its landfill from the Department of Conservation after the enactment of the town ordinance, it contends that it is not bound by the ordinance's provisions. The statute permits local regulation, however, which complies with at least minimum applicable regulations of the Department of Environmental Conservation (Environmental Conservation Law, § 27-0711). Since the town ordinance imposes even greater restrictions on use than the statute it does not conflict with it (cf. *Wambat Realty Corp. v State of New York,* 41 NY2d 490). Finally, plaintiff, relying upon *City of Philadelphia v New Jersey* (437 US 617) and similar cases, contends that on its face the ordinance violates the interstate commerce clause of the United States Constitution. Theoretically, the ordinance does restrict the transportation of out-of-State garbage, but it is a permissible restriction because the public health and safety of the town's residents is a legitimate end and the burden on interstate commerce by the ordinance's provisions is negligible. Additionally, the *City of Philadelphia* case may be distinguished because the legislation invalidated there was designed to conserve New Jersey's resources. It was not designed, as was the ordinance here, as a health measure. Plaintiff's action sought only a determination of constitutionality of the landfill ordinance and we agree with it that the trial court improperly decided zoning issues and included its determination thereon in the judgment recitals and its findings. They are stricken. We have considered the other points raised by plaintiff and do not find them grounds for reversal. (Appeal from judgment of Monroe Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.