OPINION OF THE COURT
Donald Kitson, J.
In this case, the defendant is charged with a violation of section 166-17 of the Code of the Town of Huntington (commercial buyer’s or buyer’s helper permit required). A violation of this ordinance for a first conviction is punishable by a fine of not less than $200 nor more than $500. (See Code of Town of Huntington, § 166-25, subd [A], par [1].) The defendant now moves to dismiss pursuant to CPL 170.35 (subd 1, par [c]) on the ground that section 166-17 of the Code of the Town of Huntington is unconstitutional and otherwise invalid in that the State of New York has pre-empted legislation in this field.
Section 166-17 of the Code of the Town of Huntington states: “No person shall buy, sell or otherwise deal with shellstock for wholesale commercial purposes within the Town of Huntington unless such person has obtained a commercial buyer’s permit or buyer’s helper permit as prescribed by this chapter. This permit is not required for persons dealing solely in retail shellstock.”
*928 Shellstock is defined as shellfish that are unprocessed and in the shell. (See Code of Town of Huntington, § 166-2.)
The defendant has been engaged in the commercial seafood business for a number of years in Centerport, Town of Huntington, New York. Pursuant to ECL 13-0315, the defendant has obtained a class D permit from the New York State Department of Environmental Conservation for the year 1981. ECL 13-0315 (subd 3, par d) reads: “d. Class D permit, fifty dollars. This permit shall be issued only to growers and shellfish shippers and shall allow the holder thereof and any person in his employ to cull and pack shellfish in the form of shell stock which have been harvested by the growers or purchased from shellfish shippers, or purchased from holders of digger’s permits who are residents in the county or borough in which the permittee’s place of business is located, to reship shellfish in the form of fresh or frozen shucked stock only in the original containers in which it was received, and to distribute and ship the same in inter-state and/or intra-state commerce.”
Initially it should be noted that there is a strong presumption of constitutionality to be overcome by the defendant. In Lighthouse Shores v Town of lslip (41 NY2d 7,11), the court discussed this presumption: “The exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While the presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality.”
Generally, the power and authority of towns and local governments is derived from the Legislature and article IX of the Constitution of the State of New York. (See Matter of Perry v Town of Cherry Val., 307 NY 427; People v Scott, 26 NY2d 286.) Article IX (§ 2, subd [c], par [ii]) of the New York State Constitution provides that “every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law”. Article IX (§ 3, subd [d], par [1]) defines a “general law” as “A law which in terms and in effect applies alike to all counties, all counties other than those *929 wholly included within a city, all cities, all towns or all villages.” These constitutional provisions were implemented by the enactment of the Municipal Home Rule Law and section 10 (subd 1, par [ii]) thereof also provides that every local government “shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law”.
ECL articles 11 and 13 are known as the Fish and Wildlife Law. (See ECL 11-0101, 13-0101.) It is clear that this is a general law and ECL 11-0107 (subd 2) states: “2. No person shall, at any time of the year, buy, sell, offer or expose for sale, transport, or have in his possession any fish protected by law, game, protected wildlife, shellfish, harbor seals, Crustacea protected by law, or part thereof, or protected insect, whether taken within the state or coming from without the state, except as permitted by the Fish and Wildlife Law.”
As a general proposition, local laws and general State laws are not inconsistent when the local law does not prohibit what the State law permits nor allow what the State law forbids. (See Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, affd 12 NY2d 998.) Thus penal statutes in which the local law provides for a greater penalty are not void for this reason. (See People v Lewis, 295 NY 42.)
An exception to this general principle occurs when the Legislature specifically and in clear and explicit terms permits regulation by local authorities in a field occupied by the State. (See Robin v Incorporated Vil. of Hempstead, 30 NY2d 347.) For example, ECL 27-0711 is a specific grant for local regulation of solid waste facilities. (See Monroe-Livingston Sanitary Landfill v Town of Caledonia, 72 AD2d 957, affd 51 NY2d 679.) Another example is subdivision 18 of section 130 of the Town Law which permits towns to regulate the taking and the manner of taking clams, oysters, scallops and other shellfish from lands or from water over the lands owned by the town. In the instant case, the People claim that this specific grant of authority to the town does not preclude the town from regulating other areas of the shellfish industry. While this may be true, such power to regulate must derive from the *930 general delegation of authority to enact ordinances not inconsistent with State law. (See Holt v County of Tioga, 82 AD2d 991.)
The courts have consistently held that where the extension of the principle of a State law by means of a local law results in a situation where what would be permissible under State law becomes a violation of the local law, the latter law is unauthorized. (See Wholesale Laundry Bd. of Trade v City of New York, supra; Jewish Consumptives Relief Soc. v Town of Woodbury, 230 App Div 228, affd 256 NY 619.) In the instant case the local law prohibits an individual from dealing in the wholesale trade of shellfish though licensed by the Department of Environmental Conservation of the State of New York and thus permitted by State law, and so prohibits what the State law allows.
Furthermore, it is clear that the Legislature has surveyed this field and, absent specific delegation of authority to local political subdivisions, has manifested an intent to occupy the entire field. (See Sloup v Town oflslip, 78 Misc 2d 366.) The People claim that New York State, with its large area and diversity, would not retain in itself exclusive jurisdiction vested in one uniform law regulating an industry which exists only in those localities adjacent to the sea which have special problems affecting the shellfish industry. However, the Legislature has acknowledged the geographic limitations of the field in the law itself. ECL 13-0103 provides: “The marine and coastal district shall include the waters of the Atlantic Ocean within three nautical miles from the coast line and all other tidal waters within the state, including the Hudson River up to the Tappan Zee bridge.”
In addition, ECL article 13 makes specific provisions for the handling and shipping of shellfish. (See ECL 13-0309, 13-0317.) Finally, ECL 13-0319 provides that the New York State Department of Environmental Conservation may promulgate regulations with respect to buying, selling, labeling, tagging, cleaning, handling and record keeping in the shellfish industry. Pursuant to this statutory authority, the department has promulgated comprehensive regulations in the field contained in 6 NYCRR Chapter 1, Subchapter F. When the State has surveyed the field *931 and set up standards which are proper, these standards may not be made more vigorous or extensive by local authority. (See People v Blue Ribbon Ice Cream Co., 1 Misc 2d 453; Matter of Kress & Co. v Department of Health of City of N. Y., 283 NY 55.)
The court has reviewed the Islip statute as well and notes that the Islip statute pertains to businesses being conducted on a Town of Islip property which is distinguishable from the Huntington statute which attempts to regulate the sale of shellfish anywhere in the town, private or public.
The court finds that the ECL as enacted by the State has created a comprehensive and detailed regulatory system for both the protection of the general public and the environmental considerations that are in issue.
In view of the above, the court finds that the ordinance, section 166-17 of the Code of the Town of Huntington, is unconstitutional and, therefore, the defendant’s motion to dismiss is granted.