Alfred L. Goldberger, Esq. Corporation Counsel, Schenectady
You have asked whether the City of Schenectady may, through local law or ordinance, prohibit the dissemination of pornographic material to persons under the age of 21. Your letter indicates that dissemination is understood to refer to the sale or availability for examination of pictorial, written or videotape pornographic materials.
Section 235.21 of the Penal Law prohibits the dissemination of indecent material to minors. Specifically, the statute provides, in part, as follows:
 "A person is guilty of disseminating indecent material to minors when:
 "1. With knowledge of its character and content, he sells or loans to a minor for monetary consideration:
 "(a) Any picture, photograph, drawing, sculpture, motion picture film, or similar visual representation or image of a person or portion of the human body which depicts nudity, sexual conduct or sadomasochistic abuse and which is harmful to minors; or
 "(b) Any book, pamphlet, magazine, printed matter however reproduced, or sound recording which contains any matter enumerated in paragraph (a) hereof, or explicit and detailed verbal descriptions or narrative accounts of sexual excitement, sexual conduct or sadomasochistic abuse and which, taken as a whole, is harmful to minors . . ." (Penal Law, § 235.21).
For purposes of this section, a minor is defined as "any person less than seventeen years old" (id., § 235.20[1]).
Your question is whether the city has the authority to prohibit dissemination of pornographic materials to persons under the age of 21.
Under the home rule provisions of the New York Constitution and the Municipal Home Rule Law, local governments have the power to adopt local laws relating to the "government, protection, order, conduct, safety, health and well-being of persons or property" within the city as long as these local laws are not inconsistent with the Constitution or a general State law (Municipal Home Rule Law, § 10[1][ii][a][12]; N Y Const, Art IX, § 2[c]). This is the grant to local governments of the police power. Regulation of obscene and pornographic materials fall within the city's police power* (see Calderson v City of Buffalo, 61 A.D.2d 323
[4th Dept], app den 44 N.Y.2d 648 [1978]), but the local laws implementing this police power may not conflict with an applicable general State law. Under the Municipal Home Rule Law, a general law is defined as a State statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages (Municipal Home Rule Law, § 2[5]).
In the immediate case, the city is seeking to legislate in an area which has been specifically and directly addressed by State law. The provisions of the State Penal Law have long been recognized as general laws, inasmuch as they are applicable alike to all municipalities throughout the State (ibid.; Adler v Deegan, 251 N.Y. 467, 489 [1929] [concurring opn, Cardozo, J.]; People v Autieri, 120 Misc.2d 725, 730-731 [City Ct, Mt. Vernon, 1982]). Section 235.21 of the Penal Law is such a general law and restricts the dissemination of sexually explicit material to persons of tender years. The Legislature concluded that it was only persons under the age of 17 who required protection from these materials. This is not an incidental or unintended result of section 235.21, but the very essence of the statute: on the one hand persons under age 17 are protected from sexually explicit materials, and on the other hand the Legislature has determined that persons aged 17 and over have the requisite maturity to purchase these materials.
The proposed local regulation would prohibit persons aged 17 up to 21 from purchasing sexually explicit materials, conduct which is not prohibited by State law. The courts have consistently held that when a local law prohibits activity that would be permissible under State law, the local law is inconsistent with the State law, and invalid (Con Ed. vTown of Red Hook, 60 N.Y.2d 99, 108 [1983]; People v DeJesus,54 N.Y.2d 465, 472 [1981]; Wholesale Laundry Bd. of Trade v City of NewYork, 17 A.D.2d 327, 329-330 [1962], 18 A.D.2d 968 [1963], affd12 N.Y.2d 998 on opn at 17 A.D.2d 327 [1962]). Furthermore, the proposed local law cannot be justified on the ground that it only imposes a greater sanction on activity already prohibited by State law (People vLewis, 295 N.Y. 42 [1945]), nor on the grounds that it regulates an area not specifically addressed by State law (People v Cook, 34 N.Y.2d 100
[1974]). The broader scope of the city's proposed regulation is in direct conflict with the unambiguous language of section 235.21, and is invalid because of that inconsistency (People v Autieri, 120 Misc.2d 725, 730-731
[City Ct, Mt. Vernon, 1982]; People v Kelsey, 112 Misc.2d 927, 930-931
[DC Suffolk Co, 1982]).
Your letter indicates that the city also seeks to restrict the viewing or handling of pornographic materials by persons under age 21. Section245.11 of the Penal Law prohibits the display (to adults and minors) of offensive sexual material in such a manner so that it is easily visible from a public street or any place where the public is freely admitted, such as a newsstand or supermarket. This prohibition applies to offensive sexual material, as that term is defined in the statute; the material need not be obscene as to adults or minors (L 1961, ch 962, § 1; see also, Approval Memorandum, id.). Because the display of pornographic materials is already the subject of State regulation, any local law with regard to display would have to be consistent with section 245.11. With regard to the handling of these materials, it follows that any materials that may be purchased by a person aged 17-21 under section 235.21 may also be examined by them.
We conclude that a city does not have the authority to prohibit the dissemination of pornography to persons under age 21 because such a regulation is inconsistent with the Penal Law.
* A municipality's desire to protect minors from pornographic materials has been held to be consistent with the First Amendment (Ginsberg v New York, 390 U.S. 629 [1968]; 1984 Op Atty Gen [Inf] 134).