In the Matter of BRI-MAR CORPORATION, Doing Business as KNOX ESTATES MOBILE HOME PARK, et al., Appellants, v TOWN BOARD OF THE TOWN OF KNOX et al., Respondents.— Mahoney, P. J. Appeal from a judgment of the Supreme Court (Conway, J.), entered September 10, 1987 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* review a determination of respondent Town Board of the Town of Knox denying petitioners' application for expansion of their trailer park.

Petitioners Brian H. Beardslee and Marilyn T. Beardslee are the sole stockholders and officers of petitioner Bri-Mar Corporation, which operates a 25-unit mobile home park in the Town of Knox, Albany County. Sewage is disposed from the park pursuant to a State pollutant discharge elimination system (hereinafter SPDES) permit, which allows discharge of treated effluent into a tributary of the Beaver Dam Creek, although it appears that the treated effluent is disposed of into a ditch and from there apparently reaches the tributary. Petitioners applied to respondent Town Board of the Town of Knox for approval to expand the mobile home park by 48 units. Sewage from the expansion would be disposed by dumping the same filter treated effluent into a nearby open ditch. The Town Board denied petitioners' application for expansion because the sewage disposal method was contrary to Town of Knox Sanitary Code § 10, which prohibits the construction or maintenance of a sewage disposal system which will "expose or discharge the contents or effluent therefrom to the atmosphere or on the surface of the ground [or] so as to enter any source of drinking water [or] to discharge into any water course, storm sewer drain, or body of water".

Petitioners then commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging the denial of their expansion application and seeking a declaration that Town Sanitary Code § 10 is invalid as preempted by State law, unconstitutional and inconsistent with State and county laws. After granting a motion by respondent Albany

County Health Department to dismiss the petition against it for failure to state a cause of action, Supreme Court dismissed the petition, on the merits, concluding that the Town Board's determination was rational and that the Town Sanitary Code was not inconsistent with State and county codes which allow surface discharge of properly treated effluent because the Town Sanitary Code sets a higher standard for sewage disposal based on the cown's legitimate health, safety and aesthetic factors. Petitioners now appeal.

Preliminarily, we reject the Town Board's contention that the appeal should be dismissed because Supreme Court's disposition constitutes and is designated an order, which is not appealable in a CPLR article 78 proceeding without permission (CPLR 5701 [b] [1]; [c]). Notwithstanding the language and designation used by Supreme Court in the document, it is clear that the petition's dismissal by Supreme Court was a final disposition on the merits and is a final judgment (see, *Matter of De Paula v Memory Gardens,* 90 AD2d 886) which is appealable as of right (see, CPLR 5701 [a] [1]). We also reject petitioners' claim that the Albany County Health Department is a necessary party to this matter. Complete relief can be granted without that party, which will not be affected by any judgment (see, CPLR 1001 [a]; *Joanne S. v Carey,* 115 AD2d 4, 7).

Turning to the merits, the parties devote substantial effort to discussing whether Town Sanitary Code § 10 is preempted by State law. The Court of Appeals has recently summarized the rules governing State preemption of local enactments: "although the constitutional home rule provision confers broad police powers upon local governments relating to the welfare of its citizens, local governments may not exercise their police power by adopting a law inconsistent with the Constitution or any general law of the State * * *. A local law may be ruled invalid as inconsistent with State law not only where an express conflict exists between the State and local laws, but also where the State has clearly evinced a desire to preempt an entire field thereby precluding any further local regulation * * *. Where it is determined that the State has preempted an entire field, a local law regulating the same subject matter is deemed inconsistent with the State's overriding interests because it either (1) prohibits conduct which the State law, although perhaps not expressly speaking to, considers acceptable or at least does not proscribe * * * or (2) imposes additional restrictions on rights granted by State law * * *. Such laws, were they permitted to operate in a field

preempted by State law, would tend to inhibit the operation of the State's general law and thereby thwart the operation of the State's overriding policy concerns" *(Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 96-97).

In this case, our analysis is simplified by the Legislature's act of expressly allowing local governments to adopt sanitary regulations that are not inconsistent with the State Sanitary Code (Public Health Law § 228 [2]; *cf., Matter of Frew Run Gravel Prods. v Town of Carroll,* 71 NY2d 126, 130-131). Thus, we must determine whether the sewage disposal prohibition of Town Sanitary Code § 10 is inconsistent with the State Sanitary Code.

The State Sanitary Code prohibits inadequately treated sewage on the surface of the ground of a mobile home park (10 NYCRR 17.6 [b] [6]), which seems to permit surface dumping of adequately treated sewage. This conclusion is supported by the State sewage disposal requirements, which make it unlawful to discharge sewage into State waters, including groundwater (ECL 17-0105 [2]; *see,* Weinberg, Practice Commentary, McKinney's Cons Laws of NY, Book 17½, ECL 17-0803, at 63-64), unless a SPDES permit has been issued (ECL 17-0701 [1]; 17-0803). Thus, surface dumping of sewage, which ultimately affects groundwater, is allowed with a SPDES permit.* Indeed, petitioners' current practice of surface dumping of treated effluent is done in accordance with a SPDES permit. It thus appears to us that Town Sanitary Code § 10, by prohibiting any surface discharge of sewage, excludes certain instances where the State allows such conduct.

This situation cannot be countenanced. In *Matter of Kress & Co. v Department of Health* (283 NY 55), the petitioner challenged a New York City regulation prohibiting the manufacture of frozen desserts in a cellar on the basis that it was contrary to State regulations which permitted frozen desserts

---

* Our decision in *State of New York v Schenectady Chems.* (103 AD2d 33), in which we concluded that "discharge" as used in ECL 17-0501 did not include seepage of hazardous wastes into groundwater, is not to the contrary. "Discharge", which is not defined in ECL article 17, is used in ECL 17-0501 with terms such as "throw" and "drain", which connote active human conduct. "Discharge" as used in ECL 17-0701 (1) and 17-0803 is not so used. Furthermore, the activity at issue in *Schenectady Chems.,* seepage of hazardous wastes, was covered by other specific legislation, which is not the case here. For these reasons, in conjunction with the obvious impact on groundwater from surface dumping *(cf., Merrill Transp. Co. v State of New York,* 94 AD2d 39, 42-43, *lv denied* 60 NY2d 555) and the broad purposes of ECL article 17 (ECL 17-0101, 17-0103), it is evident to us that surface dumping of sewage is an activity regulated by ECL 17-0701 (1) and 17-0803.

to be made in a cellar with a State permit. The Court of Appeals held that the city's absolute prohibition was inconsistent with the State provision authorizing the same conduct because the city effectively removed a right granted by the State. Similarly here, the Town Sanitary Code's blanket proscription against sewage disposal takes away the possibility of sewage disposal as allowed by the State and, therefore, is inconsistent with the State enactment. A local ordinance which prohibits conduct specifically permitted by the State cannot stand (see, Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 100, supra; New York State Club Assn. v City of New York, 69 NY2d 211, 221-222, affd 487 US —, 108 S Ct 2225).

The Town Board's reliance on Monroe-Livingston Sanitary Landfill v Town of Caledonia (72 AD2d 957, affd 51 NY2d 679) to support its contention that the ordinance is not preempted because it imposes greater restrictions than does the State is without merit. In Monroe-Livingston, the Court of Appeals noted that the State statute specifically "disclaim[ed] any State purpose to either supersede or preclude the enactment of local ordinances so long as they are consistent 'with at least the minimum applicable requirements' of those regulations promulgated by the statute (ECL 27-0711)" (Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683, supra [emphasis supplied]). In this case, there is no similar disclaimer in Public Health Law § 228 (2), which merely allows local regulation consistent with the State Sanitary Code. Since Town Sanitary Code § 10 is not consistent with the State Code, it must be declared invalid and the Town Board's disapproval of petitioners' application for expansion based on that ordinance must be annulled. This conclusion makes it unnecessary for us to address the other points raised by the parties.

Judgment reversed, on the law, without costs, determination annulled, it is declared that Town of Knox Sanitary Code § 10 is invalid, and matter remitted to respondent Town Board of the Town of Knox for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.