■ In the Matter of N.J. Koss, Inc., Doing Business as United Business Institute—34th Street, Appellant, v Edward V. Regan, as Comptroller of the State of New York, et

al., Respondents.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Doran, J.), entered February 16, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition, and (2) from an order of said court, entered June 14, 1988 in Albany County, which denied petitioner's motion for renewal and/or reargument.

Petitioner operates registered private business schools (Education Law § 5002) in New York City and receives tuition assistance program (hereinafter TAP) grants on behalf of students from respondent Higher Education Services Corporation (hereinafter the Corporation) (Education Law § 601 [3], [4]; § 604 [1]). This proceeding and our discussion refer only to petitioner's United Business Institute—34th Street facility.

In 1984, the Department of Audit and Control began an audit of petitioner's TAP awards. Preliminary findings indicated various violations of the standards for registered private business schools and recommended that $150,246 in TAP awards be refunded to the Corporation. In 1985, the Department of Education (hereinafter Department), acting pursuant to Education Law § 5003, charged petitioner with violations of applicable standards. Although petitioner disputed the various allegations, a final audit report was issued by respondent Comptroller in September 1987, concluding that petitioner was overpaid $5,362,035 from the 1981-1982 through 1983-1984 school years for improperly certifying student eligibility for TAP awards and must refund that money, which had been previously withheld by the Corporation in an escrow account pending final resolution of the dispute.

Thereafter, petitioner settled the Department's charges by entering into a consent agreement, pursuant to which petitioner paid a $25,000 fine without admitting any wrongdoing. The Corporation then demanded that petitioner refund the alleged TAP award overpayments from the escrow account. Petitioner refused and commenced this CPLR article 78 proceeding to, *inter alia,* restrain respondents from releasing the escrow funds to anyone but petitioner and to annul the Comptroller's final report. Respondents moved to dismiss the petition on the grounds that it failed to state a cause of action and that the Department was a necessary party not named as a respondent. Petitioner opposed the motion but Supreme Court granted it, determining that the Department was a necessary party and that petitioner had conceded wrongdoing so that the petition failed to state a cause of action. Petitioner

also moved to renew and reargue, which Supreme Court denied. These appeals by petitioner ensued.

We first disagree with Supreme Court's conclusion that the Department is a necessary party without which dismissal, albeit without prejudice, is required. It is true that, as the dissent makes explicit, the Department plays an important role in ensuring that the TAP program is not abused by participants. But while administration of government programs and policies necessarily involves numerous actors, "only those governmental entities that are primarily responsible for the challenged policy are necessary parties" *(Joanne S. v Carey,* 115 AD2d 4, 9). In this regard, the Comptroller is statutorily charged with conducting audits to determine whether institutions satisfy standards for participating in the TAP program and the amount of any overpayment to be refunded to the State *(see,* Education Law § 665 [3] [b]; *see also,* 8 NYCRR 2007.4). The Corporation's president is statutorily charged with requiring institutions to make any such refund (Education Law § 665 [4] [b]; *see,* 8 NYCRR 2007.3 [b]). It is clear from these statutory directives that primary responsibility for ensuring that the TAP program is not abused is with respondents and that the relief sought by petitioner, release of the escrow funds to it and annulment of the Comptroller's final report, can be granted without the Department's participation in this proceeding as a party. It may well be that because the Department establishes the standards by which participation in the TAP program is measured and was involved in independent disciplinary proceedings under Education Law § 5003 involving petitioner, the Department's participation as a witness will be necessary. But since respondents are primarily responsible for the TAP audits and complete relief can be granted without the Department as a party, we conclude that Supreme Court erred in determining that it was a necessary party *(see,* CPLR 1001 [a]; *Matter of Bri-Mar Corp. v Town Bd.,* 145 AD2d 704).

We also disagree with Supreme Court's conclusion that the petition should be dismissed in its entirety for failure to state a cause of action. The court based its determination on concessions by petitioner that it had violated various standards so that it was not eligible for TAP awards. We have "consistently held that on a motion to dismiss [a CPLR] article 78 proceeding on objections in point of law 'only the petition may be considered and all of its allegations are deemed to be true' " *(Matter of Mattioli v Casscles,* 50 AD2d 1013, quoting *Matter of Cutcher v Nyquist,* 39 AD2d 810, 811, *lv denied* 33 NY2d

521). Thus, we will review the petition by accepting the facts alleged as true and without considering the opposing affidavits (see, e.g., Matter of Board of Educ. v State Educ. Dept., 116 AD2d 939, 940-941).

Petitioner first alleges that the audit report should be annulled because the Department made no findings of violations in the consent agreement terminating the Department's disciplinary proceeding against petitioner. These allegations are simply insufficient to state a cause of action. There were neither findings of fact nor participation by respondents in the Department's disciplinary proceeding. Under such circumstances, the consent agreement cannot serve as a basis to annul the audit report and these allegations were properly dismissed.

The remaining allegations of the petition make no concession of violating the rules and regulations as determined by the Comptroller; indeed, petitioner vigorously contests the conclusions of the final report by specifically alleging how it essentially complied with applicable standards and practices rendering the final report arbitrary and capricious. For example, petitioner alleges that although some teachers may have been unlicensed, they were licensable and taught pursuant to an ad hoc approval by the Department.* Likewise, petitioner claims that the records made available to Audit and Control were proper and approved by the Department. Such allegations, if true, can undermine the audit report so that the funds held in escrow by the Corporation should be released to petitioner. Furthermore, even if petitioner prevails on only some of the allegations, it would be appropriate to determine whether a total refund to the State is warranted. Under such circumstances, we conclude that these allegations of the petition should not have been dismissed at this preliminary stage. Of course, we offer no assessment of the merits of these allegations. Considering our determination, the appeal from the order denying renewal and reargument is academic.

Judgment modified, on the law, without costs, by reversing so much thereof as granted the motion except insofar as it dismissed that portion of the petition seeking to annul respondent Comptroller's final audit report based on the prior consent agreement; motion denied as to all other portions of the petition; and, as so modified, affirmed.

---

* This latter allegation distinguishes this proceeding from our determination on teacher licensability in Matter of Royal Business School v New York State Dept. of Educ. (141 AD2d 170, 172-173).

Appeal from order dismissed, as academic, without costs. Mahoney, P. J., Kane and Harvey, JJ., concur.

Weiss and Levine, JJ., concur in part and dissent in part in a memorandum by Levine, J. Levine, J. (concurring in part and dissenting in part). We are of the view that, insofar as the petition challenges the finding of ineligibility of petitioner's TAP-approved programs on the basis of instruction therein by teachers who are not licensable, it should be dismissed because of the failure to join the Department of Education (hereinafter Department) as a necessary party. There is no question that this portion of the audit report was entirely established on the Department's determination as to the licensability of the teachers in question, a determination made in response to a specific request for such a decision by petitioner and Audit and Control (see, letter dated August 21, 1987 from Gary R. Krzeminski, Program Manager of the Department's Bureau for Proprietary School Supervision, attached to the petition). Moreover, the paragraphs of the petition dealing with the issue of licensability of petitioner's teachers also clearly indicates that it is the Department's determination which is being attacked. The petition alleges in substance that the Department deviated from its own practices and informal standards in strictly applying the criteria for licensability of petitioner's teachers in order to disqualify petitioner. As to the determination in the audit report that various teachers in petitioner's TAP programs were not licensable, the Department did not merely act in an advisory capacity. This court has previously recognized that, in certain aspects of the audit process, the Department participates in a decision-making role (see, Matter of Elmira Business Inst. v New York State Dept. of Educ., 116 AD2d 133, 134-135, affd 70 NY2d 758), and has expressly acknowledged and sanctioned the particular authority of the Department in the audit process to determine issues of the licensability of teachers in TAP-approved programs (see, Matter of Royal Business School v New York State Dept. of Educ., 141 AD2d 170, 172). Determinations regarding teacher licensability undeniably require the exercise of educational expertise and the application of educational policy in evaluating the professional credentials of teachers, areas reserved to the Department in the audit process under the applicable regulations (8 NYCRR 145-3.2) and pursuant to the memorandum of agreement between the Department, respondent Higher Education Services Corporation and Audit and Control setting forth the respective responsibilities of these agencies in the supervision and audit of TAP

programs. Thus, the conclusion is inescapable that a successful challenge by petitioner to the teacher licensability portion of the audit report will necessarily undercut the effect of the Department's determination that petitioner's teachers were not licensable.

It follows that on petitioner's challenge to the teachers' licensability determination, the Department is a necessary party, since it is the " 'body or officer' * * * whose action may be affected by [the] proceeding" (CPLR 7802 [a]). This remains so despite the accuracy of the majority's conclusion that petitioner can obtain the relief it seeks, i.e., annulment of the audit report and recovery of the funds in the escrow account, without the Department being added as a party. By analogy, where a property owner sues a municipal zoning board seeking judicial relief to obtain a use permit or variance, citing as one ground therefor that the applicable zoning ordinance is unconstitutional, it can equally be said that complete relief can be granted without joining additional parties. Yet the courts uniformly hold that the constitutional challenge may not be considered without joinder of the local legislative body (see, Matter of Overhill Bldg. Co. v Delaney, 28 NY2d 449, 458; Matter of Trifaro v Zoning Bd. of Appeals, 45 AD2d 1015, 1016). Under the same reasoning, the Department should have been joined as a necessary party to afford it the opportunity to defend its determination on licensability. Therefore, we would also uphold Supreme Court's decision to the extent of affirming dismissal of that portion of the petition challenging the determination disqualifying petitioner from TAP eligibility on the ground that petitioner's teachers were not licensable.