■ MARY KAWKA, Respondent, v. JOHN KAWKA, Appellant.— Judgment reversed on the law and facts, without costs and complaint dismissed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The evidence presented is insufficient to constitute a cause of action in separation. All concur. (Appeal from a judgment of Monroe Equity Term for plaintiff in an action for separation.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ GEORGE F. WEAVER SONS COMPANY, Appellant, v. FRANK BURGESS, Respondent, et al., Defendant.— Motion for leave to appeal to the Court of Appeals granted and question for review certified. Present — McCurn, P. J., Williams, Goldman and Halpern, JJ.

■ In the Matter of FRANK J. GRIMM, Individually and as District Councilman of the City of Buffalo, Respondent, against CITY OF BUFFALO et al., Appellants, et al., Defendants.— Motion for reargument and other relief denied. Memorandum: Upon the return day of this article 78 proceeding the respondents without answering applied to the court by formal written motion for an order dismissing the .petition as a matter of law (Civ. Prac. Act, § 1293). In passing upon such an application the allegations of the petition must be assumed to be true in the absence of an answer. If the petition states any facts upon which the petitioner is entitled prima facie to the requested relief, then it may not be dismissed as being legally insufficient. (*Matter of Felice* v. *Swezey,* 278 App. Div. 958; 22 Carmody-Wait, New York Practice, pp. 484–486, §§ 395–398.) In view of these legal principles the order of Special Term denying the motion to dismiss the petition was properly made. We hold that the concession of the Corporation Counsel referred to in the moving papers was limited to the appeal then pending before this court. It has no effect upon the merits of the controversy presented by the petition herein. It follows that our decision as to the legal sufficiency of the petition would have been the same without the concession and reargument of the appeal is not required. All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

## (April 29, 1959)

■ MARTIN H. SEBASTIAN et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 34522.) — Judgment modified on the facts by increasing the award to the sum of $30,500, with interest, and as modified affirmed, with costs to the claimants. Certain findings of fact and conclusion of law modified. Memorandum: We find the award inadequate. (See *Messina* v. *State of New York,* 2 A D 2d 802.) All concur, except Williams, J., who dissents and votes for affirmance. (Appeal by claimants from a judgment of the Court of Claims for claimant on a claim for damages for permanent appropriation of realty.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE BECK, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment of Chautauqua County Court convicting defendant of burglary. third degree.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.