■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF MOUNT VERNON, Appellant, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent, and JEFFREY L. KING et al., Intervenors-Respondents.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, dismissing, on motion and before answer, appellant's petition brought pursuant to CPLR article 78 and vacating a temporary stay. The petition seeks to annul and set aside a certain order of the Commissioner of Education directing appellant to effect not later than November 4, 1968 a reassignment of students in grades one through six in the Mount Vernon School District to overcome purported racial imbalance. The Commissioner's motion, made pursuant to CPLR 7804 (subd. [f]) is in the nature of a demurrer and only the petition may be considered (*Matter of Berlingieri* v. *O'Connell,* 3 A D 2d 762). Moreover, the facts alleged in the petition are deemed true and considered in their most favorable light in support of the petition (*Matter of Hassett* v. *Barnes,* 11 A D 2d 1089; 24 Carmody-Wait 2d, New York Practice, § 145:315). Thus the motion must be denied if there is present a triable issue of fact (*Matter of Borko* v. *Giordano,* 29 A D 2d 546). The instant petition alleges, *inter alia,* that the Commissioner's order is arbitrary, capricious and an abuse of discretion because it is financially impossible for the City of Mount Vernon to implement the Commissioner's plan. An affidavit attached to the petition asserts that implementation of the plan would cost $3,600,000 and that it is impossible for the city to raise such a sum in addition to the ordinary school budget given the New York State constitutional tax limitation of 2%. Concededly, our review is limited to the well established rule that the Commissioner's decisions are final absent a showing of "pure arbitrariness" (Education Law, § 310; *Matter of Vetere* v. *Allen,* 15 N Y 2d 259), but to require the implementation of a plan which is financially impossible to obey is clearly "pure arbitrariness". Any attack on the alleged cost figures advanced by appellant, is not resolvable on the instant motion. As noted, for the purposes of this motion such figures are deemed uncontrovertible and the sole question here is thus an issue of law, which must be resolved in appellant's favor. Judgment reversed, on the law, without costs, and motion denied. Respondent's time to serve an answer to

the petition is extended until 20 days after service of the order hereon, with notice of entry. Herlihy, J. P., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.; Aulisi, J., not voting.