■ In the Matter of PETER A. MATTIOLI, Appellant, v J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 31, 1975 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for judgment ordering (1) the respondents to expunge from petitioner's prison record any mention of cell confinement ratified by the adjustment committee on November 15, 1974, and incidents leading thereto; (2) the return of all of petitioner's authorized property seized on November 13, 1974; (3) the respondents to cease interfering with delivery of petitioner's legal mail; (4) the reimbursement to petitioner of lost wages stemming from cell confinement imposed on October 28, 1974; and (5) the respondents to pay $5,000 damages for denial of petitioner's prison liberties and constitutional rights. This petition sets forth three causes of action arising from alleged violations of petitioner's procedural and substantive rights. Special Term concluded that because a consideration of the motion under CPLR 7804 (subd [f]) would limit it to an examination of the petition on its face, it would decide the motion under CPLR 3211 and thereby consider affidavits, exhibits and other materials which had been submitted to the court upon the return date. This court has consistently held that on a motion to dismiss an article 78 proceeding·on objections in point of law "only the petition may be considered and all of its allegations are deemed to be true" (Matter of Cutcher v Nyquist, 39 AD2d 810, 811. See, also, Matter of Board of Educ. of City School Dist. of City of Mount Vernon v Allen, 32 AD2d 985; 24 Carmody-Wait 2d, NY Practice, § 145:315). It is, therefore, apparent that Special Term erred in considering anything beyond the face of the petition in deciding this application. "The petition raises * * * question(s) as to whether petitioner's procedural and substantive rights were violated, which cannot be determined as a matter of law upon the bare allegations of the petition. Only after respondents have answered can there be any meaningful disposition of this proceeding" (Johnson v Crown Hgts. Community Corp., 39 AD2d 889). Judgment reversed, on the law, without costs, and motion denied, with leave to respondents to answer petition within 20 days after service of a copy of the order to be entered hereon with notice of entry. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.