■　Robert S. Hondzinski, Appellant, v County of Erie et al., Respondents.—Judgment unanimously reversed, with costs, and motion denied. Denman, J., not participating. Memorandum: In this CPLR article 78 proceeding petitioner alleged that he was appointed as a jail guard in the Department of the Erie County Sheriff, a respondent, in August, 1959 on a permanent basis and continued therein until November, 1964 when he was appointed on a permanent basis as a Court Deputy Sheriff assigned to the Erie County Court, in which position he continued until January, 1971 when he was appointed on a permanent basis as a Criminal Deputy Sheriff of respondent and assigned to the Erie County Jail. For budgetary reasons respondents reduced the number of Sheriff's deputies, effective December 31, 1976, in inverse order to their seniority status in the Sheriff's office (see Civil Service Law, § 80, subd 1) according to respondents' computation, and terminated petitioner's employment. Petitioner asserts that he has seniority over several deputies who were retained. This petition was brought to review and annul respondents' determination. Without answering, respondents moved for dismissal of the petition for failure to state a cause of action, and petitioner appeals from the judgment granting that motion. Although the motion recited that it was brought under CPLR 3211 (subd [c]), the statute required that it be brought under CPLR 7804 (subd [f]), which provides for motions upon objection in point of law to an article 78 petition. Such a motion is tantamount to a demurrer, assumes the truth of the allegations of the petition, and permits no consideration of facts alleged in support of the motion *(Matter of Mattioli v Casscles,* 50 AD2d 1013 [3d

Dept]; *Matter of Tipton v Suffolk County Civ. Serv. Comm.,* 43 AD2d 841 [2d Dept]; *Matter of Lichtensteiger v Housing & Dev. Admin.,* 40 AD2d 810 [1st Dept]; *Matter of Grimm v City of Buffalo,* 8 AD2d 689 [4th Dept]; 24 Carmody-Wait 2d, NY Civ Prac, § 145:314-315, and supplement). Although there has been some criticism of the fact that CPLR 7804 (subd [f]) does not follow the pattern of CPLR 3211 (subd [c]) (see 24 Carmody-Wait 2d, NY Civ Prac, § 145:321; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804:08; Mc-Laughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 404:1, p 503), that issue is of no moment here. Even CPLR 3211 (subd [c]) requires that if the court intends to treat the motion as one for summary judgment, it must give "adequate notice to the parties" that it so intends *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *Matter of White,* 35 AD2d 933), and Special Term failed to do this. Thus, the legal validity of the petition was the sole question properly before Special Term. Respondents' argument that petitioner was not prejudiced thereby because the court only considered the petition and statutes and local laws of which it could take judicial notice, is without merit. Except by considering facts not contained in the petition, Special Term had no basis for concluding that petitioner was not permanently employed from August, 1959 to 1971 as a Deputy Sheriff having only criminal duties. The significance of that fact lies in the state of the law in this special area. In *Matter of Flaherty v Milliken* (193 NY 564) the court held that an employee engaged exclusively in criminal work in the Sheriff's office was doing work classified under the Civil Service Law, but one engaged in civil work for the Sheriff was his personal employee and not in so-called classified service. In 1969 the legislative body of Erie County enacted Local Law No. 2 which provided that "All deputies * * * of the sheriff of Erie County except the undersheriff * * * and his civil deputies, are hereby placed in the competitive classified service and shall be hired by competitive examinations under the provisions of the Civil Service Law". Litigation ensued, testing that law *(Amico v Erie County Legislature,* 36 AD2d 415, affd 30 NY2d 729), and the law was upheld, including the provision therein that those employees in the criminal division for one year or more on the effective date of the local law were automatically included in the classified system without examination. Under subdivision 1 of section 80 of the Civil Service Law, when positions in the competitive class are reduced in number, the incumbents holding such positions shall be terminated in inverse order of their original appointment on a permanent basis in the classified service. Accepting the petition as true, as we must, it appears that petitioner received his original permanent appointment as a criminal deputy (jail guard) in August, 1959, and that many deputies who have not been terminated by respondents were appointed later than he was. The petition, therefore, states a good cause of action, and Special Term erred in dismissing it. Petitioner is entitled to his day in court to establish, if he can, that his duties were entirely in the criminal area (see *Amico v Erie County Legislature,* 36 AD2d 415, 418-419, *supra)* and that his appointment was permanent, resulting in him being in the classified service since August, 1959 (see *Matter of Flaherty v Milliken,* 193 NY 564, *supra; Matter of Reese v Lombard,* 60 AD2d 793; *Matter of Reese v Lombard,* 57 AD2d 705). The parties have not briefed or argued whether, if petitioner was in the classified service from 1959 to 1964 and again in 1971 but not between those years, subdivision 2 of section 80 of the Civil Service Law would apply, and we do not reach that issue. Attention of counsel is called to the need to add as parties to the proceeding anyone whose position will be jeopardized in case petitioner should succeed in

establishing the allegations of his petition. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.