■ MAC SMITH, Individually and as a Taxpayer of the County of Dutchess, et al., Respondents, v DUTCHESS COUNTY et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a job promotion given to Charles O'Hern, the appeals are from so much of an order of the Supreme Court, Dutchess County, dated May 4, 1978, as, upon reargument, *inter alia,* adhered to its original determination to rescind Charles O'Hern's promotion and to dismiss the petition against him on the ground that he was not a proper party to this proceeding. Permission for the taking of these appeals is granted by Mr. Justice Hopkins. Order modified, by modifying the original determination by deleting therefrom the provisions rescinding Charles O'Hern's promotion and dismissing the petition against him and substituting therefor provisions which permit O'Hern to keep his promotion pending the outcome of this proceeding and reinstating the petition against him. As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable to the appellants. By this proceeding petitioners seek to challenge the promotion of Charles O'Hern to the position of Deputy Sheriff, *inter alia,* on the ground that said promotion violated the Civil Service Law. In our view O'Hern is a proper party to this proceeding since the essence of it relates to his status (see *Hondzinski v County of Erie,* 64 AD2d 864). Regarding Special Term's determination to rescind the promotion pending the outcome of this proceeding, we find there was no basis for such action. Petitioners will suffer no prejudice or irreparable harm by O'Hern's continuing as a Deputy Sheriff. As to appellants' contention that the petition is legally insufficient as a pleading, an examination of it shows that a cause of action alleging an illegal promotion is stated. Furthermore, the allegations therein are clear and readily answerable. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.