■ ALEXANDER BREFFORT, Appellant, v JOSEPH KIPNESS et al., Respondents. — Judgment of the Supreme Court, New York County, entered June 11, 1980, reversed, on the law, without costs, petition reinstated and granted to the extent of remanding the proceeding to Special Term for a hearing as herein indicated. In May, 1967, petitioner recovered judgment against respondent Kipness in a sum exceeding $22,500. Despite the fact that almost 14 years have intervened since entry of the judgment, and the accrual of interest during this period has increased the judgment substantially, no part thereof has been paid. In July, 1979, petitioner brought this proceeding, pursuant to CPLR 5227, to require respondents Kona Tiki Restaurant, Inc., and Joe's Pier 52 Seafood Corp., to pay to petitioner an indebtedness alleged to be due and owing from each of them to Kipness. The proof submitted, although conclusory in form, indicated that Kipness is president of both Kona Tiki and Joe's Pier 52 Seafood Corp., although presumptively he owns no shares in either corporation; that he is employed as manager of Joe's Pier 52, a restaurant owned by Joe's Pier 52 Seafood Corp., and that his wife is a 50% shareholder in Kona Tiki. For his services as manager, Kipness receives an annual salary of $25,000 plus $6,000 additional. It is alleged that Kipness renders services to both restaurants and that the value of those services far exceeds the compensation paid to him. It is asserted

that by reason thereof, there is a substantial debt owing from the restaurants to Kipness. Impliedly, the claim is made that the purpose behind the failure to pay him a salary commensurate with the services rendered by him is to enable him to frustrate petitioner's claim for payment. We recognize that the "proof" submitted by petitioner to demonstrate some interest, direct or indirect, in the restaurants is somewhat speculative. In the main it consists of newspaper advertisements and newspaper magazine articles indicating a holding out of Kipness as proprietor of either or both Kona Tiki and Joe's Pier 52. While this is not sufficient to warrant the granting of petitioner of the relief sought by him, it is sufficient to warrant further inquiry. Accordingly, we reverse and remand with the direction that a hearing be held on the claims set forth in the petition. Of course, on any such hearing petitioner will have the burden of establishing an indebtedness from either Kona Tiki or Joe's Pier 52, or both, to Kipness and the amount thereof (6 Weinstein-Korn-Miller, NY Civ Prac, par 5227.11). Concur — Markewich, J. P., Lupiano, Silverman and Bloom, JJ.