■ In the Matter of BERNARD LACK, Appellant, v JOHN J. KREINER, JR., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered December 7, 1981 in Sullivan County, which, *inter alia,* granted respondent John J. Kreiner, Jr.'s cross motion to dismiss the petition pursuant to CPLR 404. Petitioner, a judgment creditor of Kreiner-Hopp, Inc., brought the instant proceeding pursuant to CPLR 5225 (subds [a], [b]) and CPLR 5227, to enforce a 1980 judgment against said corporation. Respondent John J. Kreiner, Jr. (Kreiner) cross-moved to dismiss the petition for legal insufficiency (CPLR 404, subd [a]), and it is from Special Term's granting of the cross motion to dismiss that petitioner now appeals a fair reading of the petition, its attached exhibits and the affidavit in opposition to the motion by petitioner's attorney reveals the following allegations: petitioner contracted with the judgment debtor in 1975 for performance of certain improvements on his home. The work was completed unsatisfactorily and petitioner, as early as 1976, made various claims against the judgment debtor for defective performance. When these claims were rejected, petitioner brought suit in the Justice Court of the Town of Mamakating, Sullivan County, and, after a favorable jury verdict after trial, recovered judgment for $1,500 plus interest from May 31, 1976, together with costs and disbursements, for a total of $2,044.25. The judgment debtor ceased all operations in 1977. At the same time, respondent Kreiner and his brother George Kreiner were indebted jointly and severally to the judgment debtor in the sum of $16,000. Kreiner individually brought a separate action for a partnership accounting against his brother. As part of the settlement of the action, Kreiner, the sole stockholder, officer and alter ego of the judgment debtor, caused the corporation to release the $16,000 indebtedness without consideration flowing to the corporation. On a motion to dismiss pursuant to CPLR 404, the petition is entitled to all favorable inferences, and the motion must be denied if the petitioner states any facts upon which he is prima facie entitled to relief (*Matter of Nistal v Hausauer,* 308 NY 146, 149; *Matter of Grimm v City of Buffalo,* 8 AD2d 689; 1 Weinstein-Korn-Miller, NY Civ Prac, par 404.01). Applying these principles to the foregoing factual allegations, we conclude that Special Term erred in dismissing the petition. If proved at a trial, they would establish that petitioner was a creditor of the judgment debtor in 1976 and that thereafter a valuable corporate asset was transferred without consideration to respondent Kreiner, a controlling stockholder who was "virtually identical" to the corporation. Further, since the corporation allegedly was out of business at the time of the transfer, it is inferable that the release of the receivable of $16,000 rendered the corporation insolvent. The foregoing would establish that the conveyance of the corporate asset, represented by the release of Kreiner and

his brother, was, therefore, fraudulent. as to creditors (Debtor and Creditor Law, §§ 273, 274, 275), and subject to being set aside or disregarded, and the asset levied against (§ 278, subd 1). Moreover, under the allegations concerning the status and role of respondent Kreiner, his causing the corporation to make the conveyance could also result in an adjudication that he held the receivable as constructive trustee, which would also make it reachable by the corporation's creditors under sections 272 to 274 of the Debtor and Creditor Law (*Julien J. Studley, Inc. v Lefrak,* 48 NY2d 954, 956). Order reversed, on the law, with costs, and cross motion denied; pursuant to CPLR 404 (subd [a]), respondent John J. Kreiner, Jr., permitted to answer, said answer to be filed and served within five days after service of the order to be entered hereon with notice of entry. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.