■ In the Matter of JOHN R. AHL et al., Respondents, v CITY OF ALBANY et al., Appellants.—Kane, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered April 12, 1985 in Albany County, which denied respondents' motion, in a proceeding pursuant to Second Class Cities Law article 10, to dismiss the petition for failure to state a cause of action or, in the alternative, for disclosure.

By petition dated April 14, 1978, Helen E. Busch, the owner of a number of building lots in a proposed development at Meadow Lane and Linda Court in respondent City of Albany, and her contract purchaser, V & G Enterprises, petitioned the city's Common Council for a local law or ordinance directing the installation of sanitary sewer lines, storm sewer lines, a sewerage pump station and construction of streets in said subdivision. On June 5, 1978, the Common Council approved the application and passed an ordinance directing that the requested work be accomplished under the direction of the City Engineer and that the cost thereof be assessed against the properties benefited, payable in 15 annual installments. On January 26, 1981, the City Engineer certified the work as

completed in accordance with the terms of a contract between the city and F. J. Zeronda, Inc., at a cost of $439,804.80.

On October 16, 1984, the city's Board of Estimate and Apportionment approved the apportioning of this cost to the individual lots in the subdivision and notified each owner thereof. A hearing to confirm these assessments was held on November 30, 1984, at which petitioners, having filed written objections, appeared, contending that they had purchased their respective properties with the representation that they were purchasing fully improved property without any outstanding assessments for those improvements. It is significant to note that petitioners acquired title to their properties during the 3½-year period between the certification of completion of the improvements on January 26, 1981 and the notice of assessment on October 16, 1984. They contend that between those dates, the city failed to record or otherwise provide notice of the pending assessment to potential purchasers through the City Clerk, County Clerk, assessment rolls or other customary means, which could be discovered by petitioners through title searches or other reasonable means of inquiry. After the public hearing, and on or about December 19, 1984, the Board of Estimate and Apportionment notified petitioners that the assessments had been approved and petitioners have since received bills in the amount of $964.87, representing the first of 15 annual installments for this special assessment.

This proceeding was commenced on January 7, 1985 by petitioners, who are 26 affected property owners, seeking judicial review of the special assessment, pursuant to the provisions of the Second Class Cities Law (§§ 164, 165). They allege that respondents were without jurisdiction to authorize, approve or assess the costs of the improvements furnished. Petitioners also sought alternative relief in the nature of modification, revision or reduction of the assessments due to fraud or substantial error in the imposition thereof. Respondents moved to dismiss the petition for failure to state a cause of action under CPLR 404 or, alternatively, for disclosure pursuant to CPLR 408. Both portions of the motion were denied and this appeal by respondents ensued (see, CPLR 5701 [a] [2]).

In our view, the petition alleges a cause of action within the provisions of Second Class Cities Law § 165. As this court held in *Matter of Friends of Pine Bush v Planning Bd.* (86 AD2d 246, *affd* 59 NY2d 849), the procedure followed by the city in providing the improvements and assessing the costs back to

the property owners benefited is in express violation of General City Law § 33, which requires that with limited exceptions, the owner of the land shall install the improvements or post a bond to cover the cost thereof prior to approval by respondents. However, unlike the factual setting in *Friends of Pine Bush,* this record does not demonstrate the basis for any claim of laches on the part of these petitioners. Giving petitioners the benefit of all favorable inferences available from the facts alleged in the petition, as we must *(see, Matter of Lack v Kreiner,* 91 AD2d 813), that portion of the order appealed from which denied respondents' motion to dismiss the petition should be affirmed.

However, as to that portion of the order which denied disclosure, we conclude otherwise. It seems to us that the situation presented is particularly appropriate for the limited discovery provided for by CPLR 408, which would be applicable in this proceeding. Here, there appear to be unanswered questions and an unjust result is quite possible without full disclosure of the applicable facts within the knowledge of all parties. Such disclosure and a subsequent hearing should determine where the burden for the costs of the requested improvements should fall.

Order modified, on the law and the facts, without costs, by reversing so much thereof as denied respondents' motion for disclosure pursuant to CPLR 408; motion for disclosure granted; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.