■ In the Matter of LOCAL UNION No. 964, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Appellant, v LIGHTING SERVICES, INC., Respondent.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order and judgment of the Supreme Court (Silbermann, J.H.O.), entered June 23, 1989 in Rockland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR 5225 (b) to direct respondent to turn over $44,474 to petitioner.

Petitioner, as judgment creditor of Mericana Metal Structures, Inc. (hereinafter Mericana), the judgment debtor, commenced this special proceeding seeking a final judgment directing respondent to pay a sum sufficient to satisfy petitioner's judgment against Mericana, but not in excess of the amount of said indebtedness. The indebtedness between respondent and Mericana arose out of a contract under which Mericana was to construct and renovate buildings owned by respondent. The contract price was $612,000. Payments were to be made in installments as the work progressed, with the final installment of the balance due under the contract to be paid "[o]n completion of entire work covered by this Contract and delivery of final certificate of occupancy".

Respondent answered the petition, denying in effect that the contract work was completed by Mericana and, by way of

affirmative defense, claimed that Mericana did not comply with all the terms of the contract and that respondent had claims against Mericana exceeding the amount claimed to be owing to Mericana. A hearing was held at which testimony was taken and evidence presented. Upon conclusion of the hearing, Supreme Court ruled that "the proof is insufficient to establish that there is an indebtedness due from [respondent] to Mericana" and dismissed the petition. This appeal ensued.

There should be an affirmance. The only issue raised on this appeal is whether Supreme Court properly allocated the burden of proof in making its decision. We conclude that the proof was insufficient to warrant judgment in favor of petitioner.

Petitioner, as judgment creditor, stood in the shoes of the judgment debtor (here Mericana) and was obliged to allege and prove that Mericana had fully performed all the work required under the terms of the contract (see, Breffort v Kipness, 80 AD2d 528, 529). Delivery of the final certificate of occupancy did not establish that Mericana fully performed its obligation under the contract. Respondent offered evidence that work which should have been done by Mericana was performed by others, not done or done improperly.

Order and judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.