■ In the Matter of LAWRENCE SIEVERS, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered February 8, 1991, which denied the petitioner's application pursuant to CPLR article 78 to annul respondents' determination revoking a building permit for erection of a sign on petitioner's premises and dismissed the petition, unanimously affirmed, without costs.

We agree with the IAS court that respondents' determination that the sign in question promoting Newport cigarettes is an advertising sign that cannot be considered accessory to a gasoline service station under the Zoning Resolution is rationally based, and that the consequent revocation of the building permit to erect the sign was not arbitrary or capricious. Nor is there merit to petitioner's argument that the building permit could not be revoked without a hearing, the only question raised, as this Court held in the prior appeal in this matter, being one of law *(Matter of Sievers v City of N. Y. Dept. of Bldgs.,* 146 AD2d 473). Were there issues of fact to be resolved requiring a hearing, the petition would have been dismissed for failure to exhaust administrative remedies by taking a timely appeal to the Board of Standards and Appeals *(see, Matter of Perrotta v City of New York,* 107 AD2d 320, 324, *affd for reasons stated* 66 NY2d 859). Concur—Milonas, J. P., Rosenberger, Ellerin and Asch, JJ.