In the Matter of NATIONWIDE CELLULAR SERVICE INC., Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, and CELLULAR TELEPHONE COMPANY, Proposed Intervenor-Respondent.

Third Department, May 7, 1992

### APPEARANCES OF COUNSEL

*Couch, White, Brenner, Howard & Feigenbaum (Paul A. Feigenbaum* of counsel), for appellant.

*William J. Cowan (Lawrence G. Malone* of counsel), for respondent.

*Read & Laniado (Howard J. Read* of counsel), for proposed intervenor-respondent.

### OPINION OF THE COURT

WEISS, P. J.

By petition dated March 27, 1991, petitioner sought to

challenge the approval by respondent of certain affinity group-based cellular telephone discount tariffs proposed by Cellular Telephone Company (hereinafter CTC). CTC is one of two owners of transmission facilities providing cellular telephone services in the New York City area. Petitioner is one of many resellers of cellular telephone services purchased in bulk from facility owners such as CTC. Cellular telephones are utilities regulated by the Federal Communications Commission, which has preempted regulation by the States except for discretionary authority to prescribe service and rate standards. In this State, respondent has limited its regulation of cellular telephones to the entry of providers into the business and to rate structures. The cellular business is not a monopoly, but rather a highly competitive, aggressively promoted and rapidly expanding industry. Nevertheless, cellular telephones remain utilities and while, by public policy design, the business is driven by competitive market forces, rates are regulated by respondent. In this regard the injuries asserted by petitioner from CTC rates are solely of a competitive economic nature.

Petitioner alleged that the approved affinity group-rate structure is invalid because it violates the Public Service Law (§ 91 [2] [a]; [3]; § 92 [3]) by treating similar customers differently. After service of respondent's answer and objections in point of law Supreme Court dismissed the petition, finding that it failed to state a cause of action. Petitioner has appealed.

■ Initially, we find no merit to petitioner's contention that the allegations in the petition are deemed true for purposes of the objections in point of law. Proceedings pursuant to CPLR article 78 are summary in nature; once respondent answered and submitted the record, issue was fully joined and the matter was procedurally ripe for a determination on the merits (cf., Matter of Burke v Axelrod, 90 AD2d 577, 578-579).

Turning to the merits, petitioner contends that the approved tariff for affinity group members includes rate discounts available to a single individual with a single cellular phone making only one call per month. The only qualification necessary for the discount is membership in or employment by a qualified affinity group, which, it is argued, could be created at will. Reduced to its simplest terms, petitioner contends that the tariff as approved can affect two similarly situated individuals differently by granting one a discount for identical cellular telephone usage in violation of antidiscrimination and

unreasonable preference sections of the Public Service Law (§ 91 [2] [a]; [3]; § 92 [3]).

■ The approved affinity group here was defined as follows: "Employees or members of a corporation, partnership or professional association, having the minimum number of employees or members, as stated in the applicable Flexible Rate Schedule, may become customers of [CTC] and cumulate their usage access numbers in order to qualify for the volume and usage discounts provided". The number of individuals in the group begins with zero and the number of telephone numbers and usage minutes begins with one. CTC contends its plan is a sound business concept to service large groups. While the concept envisions an aggregation of users and an accumulation of their usage, however, it is not so limited. The potential unequal treatment is not merely theoretical, but is built into the very defining criteria that were approved. Classifications need not be made with mathematical nicety nor mandate absolute equality of treatment, and the concept of affinity groups, if appropriately defined, can be supported by the rational basis advanced by respondent. The plan as approved here, however, results in unequal treatment of the individual without a rational basis and accordingly must be found null and void.

■ For its part, respondent contends that petitioner lacks standing and is unaggrieved by the determination. This issue was raised by respondent before Supreme Court and, although the court did not specifically rule upon the standing issue, it was rejected by implication. This defense, if found tenable, would support a judgment in favor of respondent and is therefore properly before us (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 545-546). Petitioner is a business competitor of CTC and both are public utilities subject to rate regulation by respondent. Respondent contends that petitioner's economic injury is insufficient as a matter of law to provide standing, citing Matter of Dairylea Coop. v Walkley (38 NY2d 6, 11). While we recognize this to be the general rule, there are circumstances when an exception to the rule pertains. Within the protected sphere of public utility rates, competitive economic injury resulting from violation of statutory provisions prohibiting rate discrimination is a valid basis for standing (see, Columbia Gas v New York State Elec. & Gas Corp., 28 NY2d 117, 123 [involving Public Service Law § 65]; see also, Matter of Oil Heat Inst. v Public Serv. Commn., 90

AD2d 942). Accordingly, we hold that petitioner has standing to challenge CTC's tariff.

■ Respondent further contends that the matter is not justiciable because rates pursuant to the tariff have yet to be implemented. Respondent essentially claims that the instant challenge is premature because further steps unrelated to the finality of subject definition are required prior to placing rates into effect. Here, however, respondent's decision was final approval of CTC's affinity group definition immediately affecting CTC rights (see, Matter of MCI Telecommunications Corp. v Public Serv. Commn., 108 AD2d 289, 295; Matter of Abrams v Public Serv. Commn., 96 AD2d 701, affd on mem below 61 NY2d 718). Since the tariff approval with the defective affinity group definition was a final administrative determination, the four-month Statute of Limitations commenced to run (CPLR 217) and a delay could cause petitioner's challenge to prove untimely (see, Matter of Allstate Ins. Co. v Stewart, 36 AD2d 811, affd 29 NY2d 925), thus rendering the challenge here justiciable.

YESAWICH JR., MAHONEY, CASEY and HARVEY, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs against respondent, determination annulled and petition granted.