■ In the Matter of CHRISTOPHER SCOTT, Appellant, v COMMISSIONER OF CORRECTIONAL SERVICES et al., Respondents. [600 NYS2d 639] —Appeal from a judgment of the Supreme Court (Duskas, J.), entered August 8, 1992 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner initiated this CPLR article 78 proceeding challenging a determination finding him guilty of certain violations of State-wide prison disciplinary rules. Respondents moved to dismiss the petition on objections in point of law, contending, *inter alia,* that petitioner failed to object to procedural errors at the disciplinary hearings. Supreme Court granted respondents' motion and dismissed the petition. Petitioner appeals.

Petitioner contends that he did not waive his procedural objections at the hearings and that Supreme Court therefore erred in granting respondents' motion. The Attorney-General

agrees to the extent that this was an improper basis upon which to grant the motion to dismiss, and requests that the judgment be reversed and the proceeding remitted to allow respondents to file an answer and return. We agree that Supreme Court erred in granting the motion to dismiss. In determining motions to dismiss in the context of an article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true *(see, Matter of N.J. Koss, Inc. v Regan,* 149 AD2d 785; *Matter of Mattioli v Casscles,* 50 AD2d 1013)* where, as here, no answer or return has been filed *(see, Matter of Nationwide Cellular Serv. v Public Serv. Commn.,* 180 AD2d 24, 26, *lv denied* 80 NY2d 757). Nothing in the petition allowed Supreme Court to infer that petitioner had failed to make adequate objections to the procedural errors at issue or to find that petitioner failed to state a cause of action. Having found that Supreme Court erred in granting respondents' motion to dismiss, we conclude that respondents must be allowed to answer pursuant to CPLR 7804 (f) and we remit for that purpose *(see, Matter of 230 Tenants Corp. v Board of Stds. & Appeals,* 101 AD2d 53).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.