██ In the Matter of SUSAN M. OSTROWSKI, Appellant, v COUNTY OF ERIE, Respondent. [667 NYS2d 576] —Judgment unanimously reversed on the law without costs, motion denied, petition reinstated, matter remitted to Supreme Court for further proceedings and respondent directed to file and serve an answer within 20 days after service of a copy of the order of this Court with notice of entry. Memorandum: Petitioner has been a member of the competitive class of the classified civil service since 1986. She was employed by respondent, County of Erie (County), in the permanent position of Senior Confidential Investigator, Job Group 11, in the Pre-Trial Services Division of the County Attorney's Office until that job was eliminated from the budget on December 31, 1994. Following the layoff, petitioner was placed on a preferred eligibility list for positions at or below her former salary grade in compliance with section 81 of the Civil Service Law.

In March 1995, petitioner received a notice from the Erie

County Department of Social Services (DSS) canvassing her interest for appointment to a Special Investigator position in Job Group 8 with DSS. The notice provided, *inter alia*, that "If you refuse a permanent appointment or fail to respond within five (5) working days to a canvass for a permanent appointment in a different county department than that of your former position, your name will be removed from the preferred list for any future appointments in any county department other than that of your former position". Petitioner notified DSS by letter dated March 24, 1995 that she declined that job offer. In her letter, she stated, "My decision is based on the understanding that I will remain eligible for appointments for all other positions for which I have been certified to, based on my prior position of Senior Confidential Investigator and I am not waiving those rights. If my understanding is incorrect, please advise as soon as possible."

When petitioner received no inquiries from the County Personnel Department regarding recalls to her layoff unit of Pre-Trial Services, she made inquiry on October 27, 1995. She was informed that she was no longer certified for positions in Job Group 8 and below in any County department. By letter dated December 20, 1995, petitioner requested reinstatement to the preferred eligibility list. When the County rejected her request, petitioner commenced this CPLR article 78 proceeding.

Supreme Court erred in granting the County's preanswer motion to dismiss the petition. A preanswer motion to dismiss a CPLR article 78 petition for failure to state a cause of action is tantamount to a demurrer (*see, Hondzinski v County of Erie,* 64 AD2d 864). Such a motion assumes the truth of the allegations contained in the petition and permits no consideration of facts alleged in support of the motion (*see, Hondzinski v County of Erie, supra,* at 864-865; *Matter of Mattioli v Casscles,* 50 AD2d 1013). Moreover, "if the court intends to treat the motion as one for summary judgment, it must give 'adequate notice to the parties' that it so intends" (*Hondzinski v County of Erie, supra,* at 865, quoting *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100, 103). Petitioner alleged in her petition that she was not given reasonable notice of the effects of a refusal to accept an appointment to a grade level 8 position on her continuation on the preferred eligibility list. That allegation must be deemed to be true (*see, Hondzinski v County of Erie, supra,* at 864-865). In addition, the court did not give the parties notice that it intended to treat the mo-

tion as one for summary judgment. Therefore, as a matter of procedure, the court erred in granting the County's motion to dismiss.

Furthermore, the County failed to establish its entitlement to judgment as a matter of law. The County's March 20, 1995 notice merely advised petitioner that, if she refused a permanent appointment to the DSS grade level 8 position, her name would be "removed from the preferred list for any future appointment in any county department *other than that of your former position*" (emphasis added). In its brief, the County candidly concedes that "the initial canvass letter to petitioner was not exhaustive in the results of refusal to accept the position offered". Moreover, the letter makes no reference to Civil Service Rule XVII (2) (c), which is relied upon by the County on appeal. Thus, there is a triable issue of fact whether petitioner received sufficient notice of the effect of declination of the grade level 8 position at DSS on her future eligibility for appointment to Job Group 8 and lower positions in her former department. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—CPLR art 78.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.