■ In the Matter of TODD ANDERSON et al., Appellants, v TOWN OF CLARENCE et al., Respondents. [715 NYS2d 179] —Judgment unanimously reversed on the law without costs, motion denied, petition reinstated and respondents directed to file and serve an answer within 20 days of service of a copy of the order of this Court with notice of entry. Memorandum: Petitioners commenced this CPLR article 78 proceeding alleging that respondent Town Board of Town of Clarence acted in an arbitrary and capricious manner in revoking a special exception use permit that had previously been issued to them. Supreme Court erred in granting respondents' motion to dismiss the petition for failure to state a cause of action pursuant to CPLR 3211 (a) (7). On such a motion, the facts alleged in the petition are deemed true and petitioners are "benefitted by the rule that every favorable inference must be afforded the facts alleged" in the petition (Held v Kaufman, 91 NY2d 425, 432; see, Leon v Martinez, 84 NY2d 83, 87-88; Matter of Ostrowski v County of Erie, 245 AD2d 1091, 1092). All that a court must determine is whether those facts and inferences "fit within any cognizable legal theory" (Leon v Martinez, supra, at 87-88; see, Guggenheimer v Ginzburg, 43 NY2d 268, 275). The allegation that a Town

Board's decision to revoke or rescind a previously granted permit was arbitrary and capricious constitutes a cognizable legal theory (*see, Town of Orangetown v Magee*, 88 NY2d 41, 47-48; *see also, Matter of Gardner v Town of Canandaigua Code Enforcement Officer*, 261 AD2d 910, 911; *Matter of Sievers v City of New York*, 182 AD2d 580). (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.