■ In the Matter of CARLOS LUGO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [760 NYS2d 699] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 13, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding chal-

lenging a determination finding him guilty of violating certain prison disciplinary rules. In lieu of serving an answer, respondent moved to dismiss the petition on the ground that petitioner failed to preserve the claims raised in the petition by not addressing them on administrative appeal. Supreme Court granted the motion and this appeal by petitioner ensued.

The Attorney General has advised this Court that the objection to the petition is withdrawn inasmuch as a review of petitioner's administrative appeal establishes that a substantial evidence issue was raised. It is well settled that "[i]n determining motions to dismiss in the context of [a CPLR] article 78 proceeding, a court may not look beyond the petition * * * where, as here, no answer or return has been filed" (*Matter of Scott v Commissioner of Correctional Servs.*, 194 AD2d 1042, 1043 [1993] [citations omitted]; *see Matter of Mattioli v Casscles*, 50 AD2d 1013, 1013 [1975]). Nothing on the face of the petition would permit Supreme Court to determine whether petitioner properly raised a substantial evidence issue on administrative appeal. Having found that Supreme Court erred in granting respondent's motion to dismiss, we remit the matter for the purpose of allowing respondent to file an answer to the petition (*see id.*; *see also Matter of Cowart v Selsky*, 254 AD2d 663, 663-664 [1998]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court where respondent will be permitted to serve an answer within 15 days of the date of this Court's decision.