■ In the Matter of EILEEN N. GRODY, Appellant, v GLEN ROSENBERG et al., Respondents. [859 NYS2d 564]—In a proceeding by a judgment creditor pursuant to CPLR 5227, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, (McCormack, J.), entered November 13, 2007, as granted that branch of the respondents' motion which was to dismiss the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the respondents' motion which was to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination, on the merits, of those branches of the respondents' motion which were for leave to conduct discovery pursuant to CPLR 408 and to compel the petitioner to post costs pursuant to CPLR 8501.

The petition states a valid claim against the respondents pursuant to CPLR 5227 (*see Rozales v Pegalis & Wachsman*, 127 AD2d 577 [1987]; *Matter of Lack v Kreiner*, 91 AD2d 813 [1982]). While the respondents established the existence of a genuine issue of fact as to whether they had any indebtedness to the petitioner's judgment debtor, they did not establish entitlement to summary dismissal of the petition (*see Breffort v Kipness*, 80 AD2d 528 [1981]).

Accordingly, we reinstate the petition, and remit the matter

to the Supreme Court, Nassau County, for a determination on the merits of the alternate branches of the respondents' motion, which were for leave to conduct discovery pursuant to CPLR 408 and to compel the petitioner to post costs pursuant to CPLR 8501. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.