Matter of Cayuga Nation v Town of Seneca Falls (2021 NY Slip Op 06491)





Matter of Cayuga Nation v Town of Seneca Falls


2021 NY Slip Op 06491


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


806 CA 21-00319

[*1]IN THE MATTER OF CAYUGA NATION AND CLINT HALFTOWN, PETITIONERS-APPELLANTS,
v
TOWN OF SENECA FALLS, RESPONDENT-RESPONDENT. 






BARCLAY DAMON LLP, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR PETITIONERS-APPELLANTS.
BOYLAN CODE, LLP, ROCHESTER (DAVID K. HOU OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered February 9, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondent to dismiss the petition and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second cause of action and as modified the judgment is affirmed without costs and respondent is granted 20 days after service of the order of this Court with notice of entry to serve and file an answer.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination by respondent, Town of Seneca Falls (Town), to enact Local Law No. 3 of 2020 (Local Law), which, inter alia, prohibited vehicles from being parked on a county road in the vicinity of a farm stand owned and operated by petitioner Cayuga Nation (Nation). The Town thereafter moved to dismiss the petition on the ground that each of the three causes of action therein failed to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court granted the motion, and petitioners now appeal. We conclude that the court erred in granting the motion with respect to the second cause of action.
The first cause of action asserts that the Town lacked jurisdiction to enact parking regulations on a county road (see CPLR 7803 [2]). Contrary to petitioners' contention with respect to that cause of action, Vehicle and Traffic Law § 1660 (a) (18) grants local municipalities the "authority" to enact parking regulations on county roadways (Ernest v Red Cr. Cent. School Dist ., 93 NY2d 664, 675 [1999], rearg denied 93 NY2d 1042 [1999]; see generally Kovalsky v Village of Yaphank , 235 AD2d 459, 460 [2d Dept 1997]; 2005 Ops Atty Gen No. 2005-3, citing, inter alia, Vehicle and Traffic Law §§ 1640 [a] [6]; 1660). We thus conclude that the first cause of action fails to state a cause of action and that the court properly granted the motion with respect to that cause of action.
In the second cause of action, petitioners alleged that the determination to enact the Local Law was arbitrary and capricious because, inter alia, it was discriminatory and the Town did not "consider the comments, statements, and concerns the Nation properly raised" prior to the hearing on the Local Law. We agree with petitioners that the allegations in the pleading and the reasonable inferences to be drawn therefrom establish that petitioners have a viable second cause of action pursuant to CPLR 7803 (3), i.e., that the Town's determination to enact the Local Law was arbitrary and capricious (see generally Matter of Anderson v Town of Clarence , 275 AD2d 930, 930-931 [4th Dept 2000]). We therefore modify the judgment accordingly.
In the third cause of action, petitioners alleged that the determination to enact the Local Law was not supported by substantial evidence (see CPLR 7803 [4]). The substantial evidence [*2]standard is relevant only where a determination is made "as a result of a hearing held, and at which evidence was taken" (id. ). Here, it cannot be disputed that there was no hearing "at which evidence was taken" (id. ). We thus conclude that the third cause of action fails to state a cause of action.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court