Mintz v City of Rochester (2021 NY Slip Op 07389)





Mintz v City of Rochester


2021 NY Slip Op 07389


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


916 CA 21-00579

[*1]POLICE CIVIL TECHNICIANS UNIT MEMBERS STEPHANIE MINTZ, KAREN HAYES, LIZ MARSDEN, ABIGAIL MINCHELLA, GIANA NITTI, BRITTANY SANDS, RYAN RADELL AND JASON TERRIGINO, PETITIONERS-RESPONDENTS,
v
CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, ROCHESTER CHIEF OF POLICE LA'RON SINGLETARY, ROCHESTER MAYOR LOVELY WARREN AND TASSIE DEMPS, DIRECTOR OF HUMAN RESOURCES, RESPONDENTS-APPELLANTS. 






TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR GREEN OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
VAHEY GETZ LLP, ROCHESTER (JON P. GETZ OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (James J. Piampiano, J.), entered November 12, 2020 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the first decretal paragraph and as modified the judgment is affirmed without costs, and respondents are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Memorandum: Petitioners, civilian members of the Technicians Unit of respondent Rochester Police Department, commenced this CPLR article 78 proceeding to challenge the denial of their requests for exemptions from respondent City of Rochester's residency rule, which requires that certain employees reside within the City of Rochester. Respondents moved pursuant to CPLR 3211 to dismiss the petition, and they now appeal from a judgment that denied the motion and granted the petition.
Initially, we note that respondents moved to dismiss on two grounds, to wit, that the petition is time-barred under the statute of limitations and that it fails to state a cause of action. On appeal, however, they challenge only that part of the judgment that denied their motion on statute of limitations grounds. Therefore, we conclude that they have abandoned their contention that the petition fails to state a cause of action (see generally Sto Corp. v Henrietta Bldg. Supplies, 202 AD2d 969, 970 [4th Dept 1994]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We reject respondents' contention that Supreme Court erred in denying that part of the motion seeking to dismiss the petition on statute of limitations grounds. It is well settled that, "[o]n a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is time-barred, [a] defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Cimino v Dembeck, 61 AD3d 802, 803 [2d Dept 2009]; see Federal Natl. Mtge. Assn. v Tortora, 188 AD3d 70, 74 [4th Dept 2020]; Larkin v Rochester Housing Auth., 81 AD3d 1354, 1355 [4th Dept 2011]). Consequently, respondents here were required to "establish, inter alia, when [petitioners'] cause of action accrued" (Swift v New York Med. Coll., [*2]25 AD3d 686, 687 [2d Dept 2006]; see Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019]; Larkin, 81 AD3d at 1355). A CPLR article 78 proceeding must be commenced within four months after the determination to be reviewed becomes "final and binding upon the petitioner" (CPLR 217), which is when the challenged determination "inflicts an actual, concrete injury upon the petitioner" (Matter of Town of Olive v City of New York, 63 AD3d 1416, 1418 [3d Dept 2009] [internal quotation marks omitted]). Thus, a CPLR article 78 proceeding accrues when the petitioner seeking review has been aggrieved by the challenged agency action and has received notice of that action (see Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989]; Matter of Fields v City of Buffalo, 174 AD3d 1436, 1437 [4th Dept 2019]). Here, we conclude that respondents failed to meet that burden inasmuch as they introduced no admissible evidence that petitioners were notified of the determination to deny their requests for exemptions from the residency rule more than four months before the commencement of the proceeding.
Moreover, "[w]hen a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [petitioners] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; see Bisimwa v St. John Fisher Coll., 194 AD3d 1467, 1469 [4th Dept 2021]). Those requirements apply to motions to dismiss based on the statute of limitations (see e.g. Collins v Davirro, 160 AD3d 1343, 1343 [4th Dept 2018]; Town of Macedon v Village of Macedon, 129 AD3d 1639, 1641 [4th Dept 2015]). Here, petitioners alleged in the petition that they were not notified of respondents' determination to deny their requests for exemptions from the residency rule until approximately seven weeks prior to the commencement of the proceeding. Thus, accepting that allegation as true, and in light of the lack of any evidence to the contrary, respondents failed to meet their burden of establishing that the statute of limitations began to run more than four months prior to the commencement of the proceeding. Consequently, the court properly denied the motion.
We agree with respondents, however, that the court then erred in granting the petition. The only motion before the court was respondents' pre-answer motion to dismiss, which the court properly denied. In a CPLR article 78 proceeding, once such a "motion is denied, the court shall permit respondent to answer, upon such terms as may be just" (CPLR 7804 [f]). Here, in denying the motion, the court essentially treated respondents' motion as one for summary judgment, searched the record, and granted summary judgment against respondents. It is well settled, however, that "if the court intends to treat the motion as one for summary judgment, it must give adequate notice to the parties that it so intends" (Matter of Ostrowski v County of Erie, 245 AD2d 1091, 1092 [4th Dept 1997] [internal quotation marks omitted]; see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 103 [1984]), and the court gave no such notice here. Additionally, only where "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" should a court grant the petition without permitting respondents to answer (Nassau BOCES Cent. Council of Teachers, 63 NY2d at 102; see Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]; Matter of Citizens Against Retail Sprawl v Giza, 280 AD2d 234, 239-240 [4th Dept 2001]), and no such clarity exists on this record. Consequently, we modify the judgment by vacating that part granting the petition, and we grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court