Matter of Bihary v Zoning Bd. of Appeals of City of Buffalo (2022 NY Slip Op 03594)

Matter of Bihary v Zoning Bd. of Appeals of City of Buffalo

2022 NY Slip Op 03594

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

172 CA 21-01075

[*1]IN THE MATTER OF CHRISTOPHER BIHARY AND CHRISTINE SABUDA, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
ZONING BOARD OF APPEALS OF CITY OF BUFFALO, CITY OF BUFFALO, RESPONDENTS-DEFENDANTS-RESPONDENTS, DR. WENDY E. ZIMMER AND DR. JOHN M. HOURIHANE, INTERVENORS-RESPONDENTS-DEFENDANTS-RESPONDENTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CARIN S. GORDON OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.
BARCLAY DAMON LLP, BUFFALO (COREY A. AUERBACH OF COUNSEL), FOR INTERVENORS-RESPONDENTS-DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 22, 2021 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, granted the motions of respondent-defendant Zoning Board of Appeals of City of Buffalo and intervenors-respondents-defendants to dismiss the petition-complaint and dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motions are denied, the petition-complaint is reinstated, and respondents-defendants and intervenors-respondents-defendants are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioners-plaintiffs (petitioners) installed a driveway on a portion of their residential property without obtaining the necessary permits from respondent-defendant City of Buffalo or the required variance approvals from respondent-defendant Zoning Board of Appeals of City of Buffalo (ZBA). Petitioners subsequently applied to the ZBA for the required variances and, following public hearings in which various neighbors voiced opposition to the application, including intervenors-respondents-defendants (Intervenors), the ZBA denied the application. Petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking to, inter alia, annul the ZBA's determination. Before answering, the ZBA and Intervenors moved to dismiss the petition-complaint (petition). Intervenors also moved for an order enjoining petitioners from using the driveway. Supreme Court granted the motions to dismiss, dismissed the petition in its entirety and, in light of its determination, denied as moot Intervenors' motion seeking injunctive relief. We reverse.
Initially, we note that this is properly only a CPLR article 78 proceeding because the relief sought by petitioners "is available under CPLR article 78 without the necessity of a declaration" (Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1431 [4th Dept 2021]; see generally CPLR 7801; Matter of O'Reilly v Grumet, 308 NY 351, 358 [1955]; Matter of Schultz v Town of Hopewell Zoning Bd. of Appeals, 163 AD3d 1477, 1478 [4th Dept 2018]; Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 70 AD2d 1021, 1022 [3d Dept [*2]1979], appeal dismissed 48 NY2d 654 [1979]).
Regarding the merits, a pre-answer motion to dismiss a CPLR article 78 petition for failure to state a cause of action "is tantamount to a demurrer, assumes the truth of the allegations of the petition, and permits no consideration of facts alleged in support of the motion" (Hondzinski v County of Erie, 64 AD2d 864, 864 [4th Dept 1978]; see Matter of Ostrowski v County of Erie, 245 AD2d 1091, 1092 [4th Dept 1997]; see generally Matter of Mintz v City of Rochester, 200 AD3d 1650, 1652 [4th Dept 2021]). Here, petitioners alleged in the petition that the ZBA's determination to deny their variance application was arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence, which allegations fit within a cognizable legal theory (see generally Matter of Anderson v Town of Clarence, 275 AD2d 930, 930-931 [4th Dept 2000]). The court therefore erred in granting the motions. We note that, to the extent the court effectively converted the motions into motions for summary judgment, it erred in doing so because it did not give the parties the requisite notice of its intent to convert those motions (see Ostrowski, 245 AD2d at 1092-1093).
Finally, given our reinstatement of the petition, the motion of Intervenors seeking injunctive relief is no longer moot, and we therefore remit the matter to Supreme Court to determine that motion (see generally Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1494-1495 [4th Dept 2019]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court